## HANSON v. JACCARD JEWELRY CO.

*(Circuit Court, E. D. Missouri, E. D.   September 19, 1887.)*

1. COPYRIGHT—COMPILATION OF WAR RECORDS.
    A compilation from voluminous public documents, so arranged as to show readily the date and order of battles fought during the civil war, together with a list of casualties, may be copyrighted.

2. SAME—ACTION FOR INFRINGEMENT—LEGAL TITLE SUFFICIENT TO MAINTAIN.
    An action for the infringement of a copyright may be maintained by the holder of the legal title thereof, though the beneficial ownership be in another.

3. SAME—PRELIMINARY INJUNCTION—SITUATION OF PARTIES TO BE CONSIDERED.
    Application was made by the plaintiff for an order *pendente lite*, restraining the defendant from circulating a guide-book containing matter infringing upon the copyright of plaintiff.   *Held*, that the question of the damage that might be sustained by the defendant upon granting the order, as compared with that to the plaintiff by denying it, and the financial ability of the defendant to respond to any damages assessed against him, and the fact that there was no intent on the part of the defendant to appropriate the property of the plaintiff, and that it was done without the knowledge of the defendant by one employed to compile the work, are all considerations which it is proper for the court to weigh in determining the question of granting or denying the application.

In Equity.

*George P. Strong*, for complainant.

*Horatio D. Wood*, for respondent.

THAYER, J.   In the case of *A. H. Hanson* v. *The E. Jaccard Jewelry Co.*, application has been made for an injunction *pendente lite*.   From the moving papers on file it appears that A. H. Hanson, the general passenger agent of the Illinois Central Railroad Company, in April last took out a copyright on a pamphlet entitled: "1861–1865.   Battles for the Union, and the Union Forces Engaged Therein, Together with a Record of Casualties."   As the title implies, the publication contains a record of battles fought during the late war, arranged in chronological order, and of the Union forces engaged, together with a list of casualties.   The materials for the publication were collected and arranged by Thomas F. Nelson, under employment of the Illinois Central Railroad Company, but it is probable that in arranging the material he acted to some extent under the general direction of Hanson, the general passenger agent of the road.   The pamphlet on its cover contains a picture of the commander in chief of the Grand Army of the Republic; it is dedicated to that organization by the Illinois Central Railroad Company; it purports to be presented to the public with the "compliments of the Illinois Central Railroad Company;" and it contains a map of that company's railroad system, showing its connections, etc.

From these and other facts it is obvious that the pamphlet in question was compiled and published at the instance and expense of the railroad company, and that it was designed by that company for gratuitous circulation at and prior to the annual encampment of the Grand Army of

the Republic, as an advertisement of its railroad system. On the other hand, the moving papers show that defendant, for the purpose of advertising its own business during the encampment, and the business of several other merchants doing business in the city of St. Louis, has published, also for gratuitous circulation, a pamphlet entitled "Jaccard's G. A. R. Guide to the City of St. Louis." It is admitted that defendant has incorporated into its guide-book about 25 pages of the printed matter which is contained in the publication copyrighted by complainant, the same being the record of battles and casualties as compiled and arranged by Nelson. In all other respects the publications are unlike. An injunction is asked to restrain the further circulation of defendant's guide-book. Several objections have been interposed against the granting of an interlocutory injunction.

In the first place it is urged that the subject-matter of complainant's publication is not such as to warrant a valid copyright, the same not being an original composition, but merely a compilation of facts gathered from various public records. This objection is clearly untenable. A compilation made from voluminous public documents, and so arranged as to show readily the date and order of certain historic events, such as battles or sieges, and the forces engaged therein, and the casualties attending the same, may be copyrighted, because such publications are valuable sources of information and require labor, care, and some skill in their preparation. Drone, Copyr. 152–154, inclusive, and cases cited; *Lawrence* v. *Dana*, 2 Amer. Law T. R. (N. S.) 423.

It is further objected that no injunction should issue because on the proof as it stands a valid copyright in behalf of the complainant, Hanson, is not shown, he being neither the "*author nor proprietor*" of the publication within the meaning of section 4952 of the Revised Statutes of the United States. With respect to this objection it is sufficient to say that under the proof as it stands it is probably true that complainant merely holds the legal title to the copyright, while the beneficial ownership (the equitable title) is in the Illinois Central Railroad Company. It has been held, however, in the case of *Little* v. *Gould*, 2 Blatchf. 366, (after careful consideration,) that the acts of congress do not prohibit the taking out of a copyright in the name of a trustee for the benefit of some third party who is the "*author* or *proprietor*," and that a defendant, proceeded against by the holder of the legal title to a copyright, cannot take any advantage of the trust relation existing between such holder and some third party. See, also, Drone, Copyr. 260, 261, and cases cited. In view of the foregoing authorities, the court is of the opinion that the second objection urged against granting a restraining order is untenable.

Is is finally urged that no injunction should issue at this stage of the case, because the defendant is financially responsible, and because complainant's pamphlet was only intended for gratuitous circulation by the Illinois Central Railroad Company, and because no substantial damage can result to the legal or equitable owner of the copyright from the circulation of defendant's guide-book. It is furthermore urged that de-

fendant's guide-book contains much advertising matter of value to itself and other merchants; that it has been printed by defendant at great expense; that the objectionable matter contained therein, that is to say, the record of "Battles and Casualties," was inserted therein by the person employed to compile the same, without the knowledge of defendant's officers as to the source from whence the record was derived, and without any intent on their part to appropriate the complainant's property, and that it would be productive of great damage to defendant and others to enjoin the circulation of its guide-book at this time. Considerations of the kind last mentioned are entitled to great weight on an application for a preliminary restraining order, as such applications address themselves to the sound discretion of the court in view of all the circumstances attending the particular case. On an application for an injunction pending suit, it is proper for the court to consider the harm that would be done to the complainant by refusing such an order, in comparison with the damage that might be sustained by the defendant in consequence of granting the same. The ability of the defendant to respond to any damages that may be assessed on final hearing is also an important element; and in these respects there is no difference in the rule governing cases arising under patent and copyright laws and other equitable proceedings. *Scribner* v. *Stoddard*, 19 Amer. Law Reg. 433; *Forbush* v. *Bradford*, 21 Month. Law Rep. 471; *Chase* v. *Sanborn*, 4 Cliff. 306; *Lodge* v. *Stoddart*, 9 Reporter, 137; Drone, Copyr. 524.

In the present case I am persuaded that the damage which complainant anticipates from the circulation of defendant's guide-book would be trifling in comparison with the damage defendant and others would sustain if the defendant was precluded at this time from putting in circulation a large amount of advertising matter which is embodied in the guide-book in question. Indeed, considering the use intended to be made by complainant of his publication, it is doubtful if he or the corporation he represents would be prejudiced to any extent by a refusal of an injunction at this stage of the proceedings. In any event, the defendant is pecuniarily responsible for whatever damage may be ascertained on final hearing.

Guided by these considerations, and influenced by the fact that there is no evidence that defendant's officers were aware of the infringement of the copyright prior to the actual printing of the guide-book, the court will refuse a preliminary restraining order.