## HOUGHTON MIFFLIN CO. v. NORAM PUB. CO., Inc., et al.

District Court, S. D. New York.
July 14, 1939.

Hines, Rearick, Dorr & Hammond, of New York City (Archie O. Dawson and John D. Mooney, both of New York City, of counsel), for plaintiff.

Hoguet, Neary & Campbell, of New York City (Walter H. Free, of New York City, of counsel), for defendants.

CONGER, District Judge.

This is a motion for a temporary injunction to restrain infringement of the copyright which the plaintiff claims to have of the book "Mein Kampf" (author, Adolf Hitler).

The validity of the plaintiff's copyright has been passed upon by the Circuit Court of Appeals, Second Circuit, in the case of Houghton Mifflin Company v. Stackpole Sons, Inc., and The Telegraph Press, 104 F.2d 306, decided June 9, 1939.

There can be no serious contention on the part of the defendants as to the validity of plaintiff's copyright or to the fact that the defendants are printing, publishing, putting out to the public and selling a copy of the book of Adolf Hitler.

True, the defendants deny, in their answer, any infringement of plaintiff's book. However, plaintiff's book, on one of the first introductory pages, bears this inscription: "Adolf Hitler, Mein Kampf, Complete and Unabridged, Fully Annotated". Defendant's edition, on its first page, bears this inscription, among other things: "Adolf Hitler's Own Book, Mein Kampf (My Battle), A New Unexpurgated Translation Condensed With Critical Comments And Explanatory Notes". Underneath "Mein Kampf", in large letters, is the following: "Complete In This Issue * *". To the right of the words "Mein Kampf" in a box, is the following: "Millions sold in

book form at $3.00. Now for the first time in this popular edition at 10¢".

In plaintiff's book there is a "preface" which is signed by "The Author". In defendant's edition there is "Hitler's Foreword", which is signed "The Author". To show the similarity, I simply quote the first paragraph of plaintiff's "preface" and then the first paragraph of "Hitler's Foreword":

"On April 1, 1924, because of the sentence handed down by the People's Court of Munich, I had to begin that day, serving my term in the fortress at Landsberg on the Lech."

First paragraph of "Hitler's Foreword":

"On April 1, 1924, I commenced serving my sentence in the prison fortress of Landsberg on the Lech, according to decision rendered by the People's Court of Munich."

At the end of plaintiff's book, there is a "conclusion". The first paragraph thereof is as follows:

"On November 9, 1923, in the fourth year of its existence, the National Socialist German Workers' Party was dissolved and forbidden throughout the entire territory of the Reich. Today, in November, 1926, it stands again before us, free through the whole Reich, stronger and internally more stable than ever before."

And the last paragraph is as follows:

"Let the adherents of our movement never forget this, should ever the greatness of the sacrifice lead them to a fearful comparison with the possible triumph."

At the end of defendant's edition there is a "conclusion" of which the first paragraph is as follows:

"On November 9, 1923, in the fourth year of its life, the Nazi party was dissolved throughout the German Reich. Today, in November, 1926, it is once more free in the Reich, stronger than ever before."

And the last paragraph is as follows:

"Let the believers in our movement hold this forever in their minds, in case the greatness of any sacrifice ever gives them pause to compare the price with the worth of the possible victory."

I have not had the opportunity of reading both books in their entirety. However, there is a marked similarity. The words are not always the same, but the sense thereof is the same. If there were any question about the infringement, however,

it is laid at rest by the "Publisher's Foreword" on the second page of this edition. It will not be necessary to repeat all of the "Publisher's Foreword", but a few paragraphs which show beyond any question of doubt, that defendant's edition is a condensed copy of "Mein Kampf", to which the plaintiff claims and has a copyright. This is illustrated by the following paragraphs from the "Publisher's Foreword":

"Rival publishers have recently put two unabridged, unexpurgated editions on the American market. They are best sellers. People throughout the United States must wait months for their turn to obtain Mein Kampf from lending libraries.

"But Mein Kampf should be read today!
* * *

"Yet in the complete edition of Mein Kampf it is a trying, tiresome task to rescue what is coherent thought from the midst of Hitler's torrent of 270,000 words.

"This edition of Mein Kampf contains every important point, every important idea Hitler presented, every important sentence he wrote. Hitler's inconsistencies, self-contradictions, extremities, even his erratic language—all these are retained here.

"But we have eliminated his long-winded digressions, and cut out much of the endless repetition—repetition which he himself explains is necessary in order indelibly to impress an idea upon the mind of everyone exposed to his propaganda.

"Sometimes we have expressed in a single sentence a thought which Hitler required two or three pages to present. We have slashed Hitler's 270,000 words to 70,-000.

"But nothing important is omitted!

"All important portions of the text, expurgated in the original American edition, are presented here."

The plaintiff's edition sold for $3. The plaintiff's edition is in book form; defendant's edition, in a newspaper or pamphlet form, about the ordinary size of a Sunday supplement, such as the Book Supplement of The New York Times.

█ The defendant's main contention is that its edition is not sold in competition with plaintiff's book and that irreparable harm will come to the defendant by reason of a temporary injunction at this time.

I am satisfied that a temporary injunction should issue. I am not unmindful of the cases cited in defendant's brief, that the Court should be chary about issuing a temporary injunction; that, in effect, it amounts to an adjudication before trial and that in many cases, irreparable harm may come to a defendant, with no appreciable benefit to a plaintiff by such injunction. However, it seems to me in this case, all of the facts warrant an injunction. I am satisfied that the issuance and sale of defendant's edition is real competition to plaintiff's copyrighted book.

The average person interested in world events, interested in Hitler to the extent of wondering what kind of a man he might be, interested in reading about current events in which Hitler has been taking an active part, for the purpose, perhaps, out of curiosity, perhaps out of desire to increase his knowledge, desiring to read "Mein Kampf", by Adolf Hitler, in approaching a news stand, seeing the two side by side, naturally would, under those circumstances, pick out the edition which cost ten cents, and which, on its face, purports to be "Mein Kampf", "Complete in this Issue * * *"; would naturally pick this one out because after all, the average American, buying "Mein Kampf" would not buy it for an addition to his library, nor because of its literary merit, but activated and motivated by an interest in current affairs and world events.

█ I can see where this edition of defendant's would be more competition than a book which cost the same amount as plaintiff's book. As to the irreparable harm coming to the defendant by reason of the issuing of this temporary injunction, it is also proper to consider the harm coming to the plaintiff.

As has been stated in the case of Hanson v. Jaccard Jewelry Co., C.C., 32. F. 202, 204: "On an application for an injunction pending suit, it is proper for the court to consider the harm that would be done to the complainant by refusing such an order, in comparison with the damage that might be sustained by the defendant in consequence of granting the same." No one can tell, by reason of the difference in price, what the loss to plaintiff may be, by reason of sales of defendant's edition, and how many books of plaintiff were not purchased because of sales of defendant's edition.

I am satisfied on the question of damages, and on the equity of the situation, that defendants went into this proposition

with their eyes open. It appears from the affidavits submitted on behalf of the plaintiffs, that the Noram Publishing Company was incorporated for the purpose of publishing this work; that it was incorporated on March 31, 1939; that Milton Spiro, Sam C. Markus and Harry A. Sterne were the original incorporators of the corporation; that on April 13, 1939, John D. Mooney, an attorney and counselor-at-law, associated with the attorneys for the plaintiff herein, interviewed them, and in that conversation, Harry A. Sterne, in the presence of the other two, stated that "they were fully aware of Houghton Mifflin Company's claim of exclusive right to publish the work, but that they had arrived at the conclusion that they had full right to publish said condensed pamphlet edition despite Houghton Mifflin Company's claim to copyrights therein. He stated that they had organized Noram Publishing Company, Incorporated, for the purpose of publishing this work and other works and that they intended to have Noram Publishing Company continue such publication" (Affidavit of John D. Mooney, verified June 22, 1939).

There is no denial of the above quotation from the affidavit of Mr. Mooney.

It appears to me that the defendant, Noram Publishing Company, knowing or at least suspecting the claimed copyright of the plaintiff to the book "Mein Kampf", attempted to take advantage of the public interest in Hitler, and devised this form of pamphlet or edition, to profit by the desire of the public to read about Hitler.

Motion granted. Submit order on notice.