## EDWARD B. MARKS MUSIC CORPORA-TION v. JERRY VOGEL MUSIC CO., Inc. (two cases).

District Court, S. D. New York.

Oct. 19, 1942.

Arthur E. Garmaize, of New York City, for plaintiff.

O'Brien, Driscoll & Raftery, of New York City, for defendant.

LOVETT, District Judge.

The parties to these two cases are rival music publishing houses, each claiming the right to print, publish and vend two certain musical compositions, songs. Evidence has been heard and the cases are ready for final decree as to injunctive relief. Being quite similar, they may be decided together.

The musical compositions involved consist of words or lyrics, written by one person, and music composed by another. Copyrights were obtained for both of the two compositions many years ago and were

renewed under the Act of March 4, 1909, 17 U.S.C.A. § 24. The plaintiff in one case claims under an assignment and license from the author of the words and in the other case from the composer of the music. Conversely, the defendant claims under a license in one case from the composer of the music and in the other from the author of the words. The renewal copyrights describe the works as a "musical composition".

■ On motions for summary judgments under Rule 56, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Judge Leibell passed on most of the questions that have been argued at length before me (see Marks Music Corp. v. Jerry Vogel Music Co., D.C., 42 F.Supp. 859), and even if his conclusions do not bind me as "the law of the case" I find myself entirely in agreement with them.

■ The argument of the plaintiff is that since the authors of the lyrics and the composers of the music did not act together contemporaneously to produce the musical compositions, they cannot be said to have collaborated in the production, therefore they were not coauthors or co-owners; and if one chose to renew the copyright, which is really a new grant under the statute, and the other did not (as the facts here show happened), that part of the musical composition produced by the one failing to renew has fallen into the public domain, and the renewal copyright relates only to the part of the composition produced by the one renewing. In other words, he says the musical composition is not a unit, and on renewal is divisible into two parts—words and music.

I cannot bring myself to this conclusion. Two men producing a musical composition jointly are nonetheless coauthors and owners though they labor at different times, without conference or consultation, and though they may remain strangers to each other. If one produces lyrics or music intending that they shall be combined with the production of another who shall compose the music or write the lyrics (as the case may be) to make the composition complete, the work of both is necessary, the work of one is complementary to the work of the other, the work of one must be fitted, adjusted, even morticed, to the work of the other to make the composition a finished product and marketable. One should not be allowed to take advantage of the other when the copyright is renewed. The renewal should be, and is, for the benefit of both. There can be but one subsisting copyright of a single version of a single work. Silverman v. Sunrise Pictures Corp., 2 Cir., 273 F. 909(3), 914, 19 A.L.R. 289; Maurel v. Smith, D.C., 271 F. 211; Marks Music Corp. v. Jerry Vogel Music Co., supra. I think the line of coauthorship is to be drawn not by when the colaborers worked but according to the original design. Joel Chandler Harris did not originally write his Uncle Remus tales with any intention of having them illustrated when they were collected and put in book form (Harris v. Coca-Cola Co., 5 Cir., 73 F.2d 370); nor did Shakespeare write his Mid-Summer's Night Dream, nor David the 23d Psalm, intending they should be set to music and produced as musical compositions under copyrights. But here all the parties, authors of lyrics and authors of music, intended that the finished product should be a musical composition consisting of the words set to music—that was the thing they intended to be marketed, and, naturally, they wanted the monopoly a copyright gives for a limited time. It would be grossly inequitable, it seems to me, to let one of the two authors renew the copyright, attempt to limit it to the thing he wrote, and thereby exclude his co-owner from any participation in the profits arising from the new grant, on the theory that the product of the one renewing is the only thing the renewal copyright protects and the work of the other has become the property of the United States and therefore of the public. The practical result would be, so far as the musical composition as a unit is concerned, to give the one co-owner renewing a monopoly for the new term upon the products of both. The better view seems to me to be that the one renewing holds for the benefit of both, either as co-owners or as trustee. Marks Music Corp. v. Jerry Vogel Music Co., supra, 42 F.Supp. at page 864.

The defendant in both cases claims under a license, assignment or share-the-profits agreement from the co-owner not renewing or from one who, it is said, under the statute is substituted for him by the statute.

■ In one case the co-owner granted the license many years after the copyright was renewed. He appointed the defendant as the exclusive publisher of the musical composition after renewal and in consideration thereof the defendant agreed to pay to him 50% of all monies received from the

sale and distribution of the music, etc. He also authorized the defendant to renew the copyright and stated in the agreement that after it was renewed in the author's name he would assign the copyright to the defendant. It seems to me this gives the defendant some equitable interest in the musical composition, the copyright of which was renewed by the other co-owner for the benefit of both, sufficient against injunction. If, as held in Witmark & Sons v. Fred Fisher Music Co., 2 Cir., 125 F.2d 949, an expectancy of the renewal right may be assigned before the last year of the original term—the only year in which it can be renewed—and is valid if the coauthor survives the term, I see no reason why, having survived the term, he may not retrospectively license another to use the equitable interest he owns in the renewal copyright obtained by his coauthor for his benefit. The defendant certainly has some equitable interest which ought not to be ignored or lightly set aside, as it must be if injunction issues.

What I have just said applies to No. 13–276.

■■■ The other case is different. There the coauthor did not survive the term. Some five or six years after the renewal of the copyright the defendant obtained from a man in England, referred to in the argument as the co-owner's brother, authority to renew the copyright, its appointment as exclusive publishers, etc., and an agreement to assign the copyright. There is no proof that the man in England executing the instrument is the brother of the coauthor not renewing, nor is there proof that the deceased coauthor left no widow or children surviving him or that he died without a will or an executor. Under the statute, the right of renewal vested in them to the exclusion of the brother if they survived the coauthor. He had a wife at one time. We are left to conjecture as to what became of her. The defendant having pleaded affirmatively the authority under which it purported to act in publishing and vending the musical composition, giving the name of its licensor, the burden of proof is on it to establish the defense. Stodart v. Mutual Film Corp., D.C., 249 F. 507(6), 512, affirmed 2 Cir., 249 F. 513; Schellberg v. Empringham, D.C., 36 F.2d 991(4), 995; Gerlach-Barklow Co. v. Morris & Bendien, 2 Cir., 23 F.2d 159(13), 161,

162. Having failed to do so, for the purposes of this case, it becomes a stranger to the copyright. Being such a stranger, it should be enjoined as prayed from interfering with the rights of the plaintiff. It would be otherwise if it had established by proof its affirmative defense.

My conclusions, therefore, are:

That an injunction should issue in case No. 12–400 permanently enjoining the defendant from infringing the copyright held by the plaintiff and that the case should be kept on the docket for such other relief as to gains, profits, fees, etc., as hereafter may appear appropriate.

In case No. 13–276 a permanent injunction should be denied.

Let counsel for the respective prevailing parties prepare and present, on notice, proposed findings of fact, conclusions of law and decrees, consistent with this opinion, within ten days from this date.

### On Motion for Reargument.

Reargument in this case is hereby denied (Civil 12–400).

As I have previously ruled, it seems to me the plaintiff in this case is really proceeding in its own behalf and as trustee for those who succeeded to the rights held by the coauthor under the original copyright. As I view it, therefore, all of the necessary parties are before the court, either in person or through the plaintiff as trustee representing them. I do not feel under these circumstances that the burden of proof is on the plaintiff to establish that the defendant takes no rights from the other coauthor or those who stand in his place. The defendant having pleaded that the brother was the next of kin of the deceased coauthor, under the decisions in this circuit I am of the opinion that the burden is on it to establish (a) the absence of the prior statutory designees and (b) that the person under whom it claims is the next of kin. Having failed to do so, an injunction should issue.

So far as this record shows, the defendant is an entire stranger to the renewal copyright, and has no right to publish or vend the musical composition. This does not necessarily mean that the plaintiff shall not account to it for the gains and profits, if hereafter it should be able to show in a satisfactory manner the facts alleged but not proved by it on this hearing.