## EDWARD B. MARKS MUSIC CORPORATION v. JERRY VOGEL MUSIC CO., Inc. et al.

### Civ. No. 14–341.

District Court, S. D. New York.

Feb. 24, 1943.

See also 47 F.Supp. 490.

Arthur E. Garmaize and David Sklaire, both of New York City, for plaintiff.

O'Brien, Driscoll & Raftery, of New York City (Arthur F. Driscoll, Thomas E. Shea and Milton M. Rosenbloom, all of New York City, of counsel), for defendant Jerry Vogel Music Co. Inc.

Wm. H. Darrow, of New York City, for defendant.

KNOX, District Judge.

Upon the trial of this suit, the action was discontinued as to the defendant Cora L. Harris. Therefore, the issues existing between plaintiff and the defendant Jerry Vogel Music Company, Inc. need only be considered. As respects them, the decision will go in favor of the defendant.

The law here to be applied was pronounced by Judge Leibell of this court, upon January 13, 1942 (42 F.Supp. 859), when he decided plaintiff's motion for summary judgment. In an elaborate statement of both the facts, (as they then appeared), and the legal principals appertaining thereto, he held that—(I quote from the headnote of his decision)—"Where a producer of a musical show engaged composer to write music and two others to write lyrics, and composer, pursuant to instructions from producer, would write music and send it to authors of lyrics who would use music, sometimes making slight changes therein, fact that parties did not set down together and each review and correct the other's contribution did not prevent musical composition from being result of a 'joint authorship', there being the requisite 'common design' for purpose of determining rights of parties in musical composition, copyrights and renewal of copyrights."

Judge Leibell held further that when such joint authorship is made out, and the several contributions of the coauthors are united in one composition, the statutory copyright of musical composition is owned jointly by them, and that if one such coauthors copyrights a musical composition in his own name, he becomes a constructive trustee for the other coauthors. Such copyright by one coauthor in his own name protects both words and music, even though he wrote

136

only the music or the lyrics for the composition. Furthermore, the fact that the statute relating to renewal of copyrights does not give an author a true extension or renewal, but authorizes a "new grant" to author or others enumerated in the statute, does not mean that different rules as to co-authorship apply to a renewal copyright than apply to original copyright, and the original unity of lyrics and music in a copyrighted musical composition, is not dissolved by the renewal copyright. Such renewal embraces the whole work and the interest of the coauthor who secures the same is that of an owner in common, and the renewal inures to the benefit of his co-authors, or of those entitled under the statute in the event that one coauthor is dead.

The facts as adduced upon the trial show that Howard, Hough and Adams unquestionably (though separated by time and space) must be held to have collaborated upon the composition "I Wonder Who's Kissing Her Now," and when the renewal copyright issued, it did not lie within the power of Howard, or his assignee to exclude Hough and Adams from their beneficial rights therein. The latter two have authorized the publication of composition by Jerry Vogel. As a matter of fact, the publication is being made by Jerry Vogel Music Co., Inc. But as to this, Howard and Hough make no objection, and plaintiff, as assignee of Howard, is in no position to complain.

Bill dismissed.