## EDWARD B. MARKS MUSIC CORPORATION v. JERRY VOGEL MUSIC CO., Inc.

### No. 183.

Circuit Court of Appeals, Second Circuit.

Jan. 26, 1944.

See, also, 42 F.Supp. 859.

Arthur F. Driscoll, of New York City, for appellant.

Arthur E. Garmaize, of New York City, for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This appeal is from a judgment for the plaintiff in an action to enjoin infringement of the renewed copyright in a song, en-

titled "The Bird on Nellie's Hat." Lamb, a British subject, wrote the words for the song, and later, Solman wrote the music without Lamb's cooperation. Both assigned their rights to Joseph W. Stern & Co., Inc., a publishing company, which thereafter copyrighted the song on September 17, 1906, as a "musical composition", and this copyright came by mesne assignment to the plaintiff. Lamb died before the expiration of the copyright, and never made any effort to renew it; but Solman, on September 27, 1933, filed an application, as "renewal owner," for its renewal as a "musical composition," naming himself as author of the music, but also declaring that Lamb had "written" it and he had "composed" it. This renewal Solman assigned to the plaintiff on June 20, 1936. Lamb had married at some time not disclosed, but his widow never applied for renewal, nor does it appear whether he left any children, or whether an executor has ever been appointed for his estate. However, on June 4, 1940, one, Cecil Lamb, a British subject, asserting that he was Lamb's brother, assigned to the defendant all of his (Cecil Lamb's) right in the renewal of the copyright; and it is under this assignment that the defendant justifies infringement.

■ The defendant's argument appears to be that Lamb was a legal co-owner with Solman of the renewed copyright; that therefore Solman's assignment did not pass the whole title; and that the plaintiff, not being the owner of the whole legal title, was not in a position to maintain the suit. Although, as we have said, Solman described Lamb as having "written" the song, and himself as having only "composed" it, he nevertheless claimed to be the "renewal owner", and took out the renewed copyright in his own name. Since it was not a "composite" work, the copyright in which could be renewed in parts, we must choose between holding the renewal bad or good as a whole; and between holding that the legal title to it was in Solman alone, or in Lamb and Solman jointly. There cannot be any doubt as to the answer to the first question: the renewal was valid for the song as a whole. Although, as we are holding as to the two songs: "December and May", and "I Wonder Who's Kissing Her Now", when one of the two authors takes out the renewal in his own name, the legal title is in him, some doubt may be raised whether the legal title does not run to both authors jointly, when, as in this case, it appears on the very face of the application that there are two. 140 F.2d 266; 140 F.2d 270. It is not necessary to decide the point, as will appear; but for argument we will assume that, when, as here, one of the joint authors asks for and gets the renewal in his own name, the legal right goes to him alone, and the other author's interest is equitable.

■ It was early decided that the holder of the legal title to a copyright might sue without joining others who had an equitable interest in the copyright (Little v. Gould, Fed.Cas.No.8,395, 2 Blatchf. 362; Hanson v. Jaccard Jewelry Co., C.C., 32 F. 202), and the same rule applies to patents. Yale Lock Manufacturing Company v. Sargent, 117 U.S. 536, 552, 553, 6 S.Ct. 934, 29 L.Ed. 954; Rude v. Westcott, 130 U.S. 152, 163, 9 S.Ct. 463, 32 L.Ed. 888; Hazeltine Corp. v. Electric Service Engineering Co., D.C., 18 F.2d 662, 668 (Thacher, J.). However, Federal Rules of Civil Procedure rule 17(a), 28 U.S.C.A. following section 723c, now requires, and Equity Rule 37, 28 U.S.C.A. § 723 Appendix, before it required, all actions to be brought in the name of the real party in interest. It may be that this action would therefore have had to be brought in the name of the beneficiaries of the constructive trust of which the plaintiff is trustee, just as it would have, had the legal title been joint. The clause beginning "but," and enumerating persons who have no beneficial interest, includes only the trustees of express trusts. We shall assume arguendo, that Rule 17(a) would require the action to be brought in Lamb's name.

■ Nevertheless, the plaintiff, as Solman's assignee, was a "real party in interest"; not, it is true, the only such party, but as much so as Lamb, or Lamb's successors in interest. It was therefore entitled to sue in its own behalf. It was entitled to an injunction; it was entitled to its own damages; it was entitled to some share in any statutory damages; it was entitled to some share in the defendant's profits. Therefore, the objection resolves itself into whether the nonjoinder of Lamb's successors is fatal to the plaintiff's prosecution of the action; and it makes no difference as to that whether their interest is legal or equitable. These parties are not indispensable within Rule 19(b); because their rights can be reserved in the judgment; the action can be finally de-

cided as to the plaintiff without them, if they cannot be served. On this record we cannot say whether they can be served or not, because we do not know who or where they are. But, even assuming that it rests upon the plaintiff to show that they cannot be served, the objection is nevertheless not good, because the defendant was obliged to take it by motion or by answer (Rule 12(h), which it did not do. Florence Sewing-Machine Co. v. Singer Manufacturing Co., Fed.Cas.No.4,884, 8 Blatchf. 113; Wallace v. Holmes, Fed.Cas.No.17,100, 9 Blatchf. 65; Adams v. Howard, C.C., 22 F. 656; California Electrical Works v. Finck, C.C., 47 F. 583; United States v. Armstrong, 8 Cir., 26 F.2d 227, 233; Tennessee Publishing Co. v. Carpenter, 6 Cir., 100 F.2d 728, 733. As we have already suggested, that does not mean that the plaintiff may recover all the statutory damages, or all the defendant's profits. The judgment must be modified to provide that the recovery shall be confined to the plaintiff's own part; that is to say, to its own actual damages, to its proper share of any statutory damages, and to its proper share of the profits. What the proper share is we do not now decide.

Judgment modified as above set forth, and affirmed as modified.