## JERRY VOGEL MUSIC CO., Inc., v. EDWARD B. MARKS MUSIC CORPORATION.

District Court, S. D. New York.

Aug. 21, 1944.

See also 49 F.Supp. 135.

O'Brien, Driscoll & Raftery, of New York City (Milton M. Rosenbloom, of New York City, of counsel), for plaintiff.

Arthur E. Garmaize, of New York City, for defendant.

CONGER, District Judge.

Motion by the defendant to dismiss the complaint, as supplemented by the bill of particulars, pursuant to Federal Rules of Civil Procedure, rule 12(B) (6), 28 U.S. C.A. following section 723c, upon the ground that the complaint and the bill of particulars failed to state a claim upon which relief can be granted.

Plaintiff and defendant are both music publishers. This controversy revolves about the title, rights and perquisites to a song "The Bird On Nellie's Hat." Of course, a motion of this type is addressed solely to the pleading, which in this case is the complaint and the bill of particulars.

No answer has as yet been served.

For the purpose of this motion the allegations of the complaint and the bill of particulars must be deemed to be admitted and true. Therefore, for the purpose of this motion giving the complaint and the bill of particulars full faith and credit as I should, the following facts must be considered in the determination of this motion: That Arthur J. Lamb was the writer of the lyrics of the song and Alfred Solmon was the composer of the music; that the de-fendant's predecessors in title acquired the song from the above named and secured copyright thereon for the original term of 28 years; that the original term of the copyright expired on or about September 17, 1934; that prior to the last year of the original term of copyright the said Arthur J. Lamb died leaving no widow, no children surviving and no last will and testament but only a brother Cecil Lamb as sole next of kin; that Alfred Solmon made due and timely application for the renewal of the copyright and received same which the complaint alleges was for the joint benefit of Solmon and the next of kin of Arthur J. Lamb; that subsequently Alfred Solmon assigned to defendant all his right title and interest in and to the copyright upon said musical composition and subsequently Cecil Lamb, as sole next of kin of Arthur J. Lamb, assigned his rights to the plaintiff. The two sources of title, therefore, are the defendant's through Alfred Solmon who renewed the copyright in his own name and plaintiff's title which is claimed to come through Cecil Lamb who is alleged to be the next sole of kin of the writer of the original lyrics. No renewal of copyright was attempted by Cecil Lamb.

Plaintiff further alleges that the defendant has attempted to convert to his own use all of the benefits for the renewal term. Plaintiff asks that it be declared a half owner of the copyright for the renewal term; that the plaintiff have an accounting for its share of the benefits thereof from the defendant and that defendant be restrained and enjoined from continuing to cast a cloud on plaintiff's title.

I am convinced that I should deny defendant's motion. Defendant insists that even assuming that the plaintiff has any right to the song they have no right to an accounting because plaintiff and defendant in that case would be tenants in common and that in the absence of an express agreement between tenants in common (and there is none pleaded) there is no right to an accounting inter se. Whether this be a correct statement of the law or not it is not necessary for me to pass on it.

The plaintiff in this action is suing for declaratory judgment. One of the main issues, irrespective of what relief may be granted, is whether or not this plaintiff has any interest in this song. Other relief is asked for, in addition to that of an accounting, which it seems to me is justified by the facts alleged in the complaint.

Much has been said by the defendant about another action between these parties concerning the same song. In that case the present defendant, Edward B. Marks Music Corporation, sued the present plaintiff, Jerry Vogel Music Co., Inc., for infringement of the copyright of said song. In that case this plaintiff (then defendant) interposed a counterclaim with practically the same set of facts, which it has set forth in its complaint herein. The then defendant was not successful. Judgment was obtained against it. 47 F.Supp. 490, modified and affirmed 140 F.2d 268.

I do not regard the above case as res adjudicata. As a matter of fact both the District Court and the Circuit Court held that the heirs or the next of kin of Arthur J. Lamb have an interest in this song.

We start out with a premise, which I believe will not be disputed, that Solmon and Lamb produced this musical composition jointly; they originally were co-authors and co-owners.

In the District Court it was held that "one (of them) should not be allowed to take advantage of the other when the copyright is renewed." "The renewal should be, and is, for the benefit of both" and that "there can be but one subsisting copyright of a single version of a single work." 47 F.Supp. 490, 491, supra. This holding was not disturbed in the Circuit Court.

Judge Hand in the opinion in the Circuit Court on this point wrote as follows: "Although, as we are holding as to the two songs: 'December and May,' and 'I Wonder Who's Kissing Her Now,' when one of the two authors takes out the renewal in his own name, the legal title is in him, some doubt may be raised whether the legal title does not run to both authors jointly, when, as in this case, it appears on the very face of the application that there are two." 140 F.2d 268, 269, supra.

It is upon this theory that plaintiff sues. It must, however, bring itself within the claim which would have belonged to Arthur J. Lamb were he alive. This plaintiff did not do that in the prior case; it failed of proof. There was no absolute finding against it. In the judgment rendered in the lower court against defendant we find this significant paragraph:

"Defendant's (Vogel) counterclaim is dismissed for failure of proof and not on the merits and without prejudice to future action by the defendant."

I regard this action as the "future action by the defendant." True, the language of the complaint sets forth the same factual situation as the counterclaim, but now I assume that plaintiff in this action is able to prove that which he did not attempt to prove on a prior trial. At that trial, the defendant Vogel put in no testimony except a copy of the sheet music of the song (Ex.A) and an agreement dated June 4, 1940, between Cecil Lamb and Vogel. It offered no proof as to the right of Cecil Lamb to succeed to the interests of Arthur J. Lamb in the renewal rights of the song. I assume from the complaint, and I accept this as correct and true for the purpose of this motion, that Arthur J. Lamb when he died left no widow, children or will and that Cecil Lamb is his only next of kin and entitled to succeed to his rights in the renewal of the song and that defendant has a valid assignment of all his said rights.

Defendant urges that in the prior action there is an absolute finding that Arthur J. Lamb had been married, which is contrary to the allegation of the present complaint. I do not regard that as material. The point is—when he died, whom did he leave?

The primary question to be resolved here is whether or not plaintiff is a co-owner with the defendant of the song in question. That, at least, he is entitled to have determined. Whatever remedy he may have if the trial court finds in his favor may very well be left to the trial court.

Motion denied.

Settle order on five days' notice.

Defendant is directed to serve an answer within twenty days after service upon it of the order herein with notice of entry.