Peck, P. J.
The question presented on this appeal is whether co-owners of a copyrighted work are accountable to each other for profits derived from licensing a third party to use the work.
The words and music of a song entitled “ I Love You California ” ivere composed by coauthors and the work copyrighted by them in the year 1913. The parties to this action.are the assignees of the respective interests of the coauthors. The copyright Avas renewed in 1940 by "plaintiff in its oaagi name. It is conceded, however, that defendant continued to have the same interest in the copyright after its renewal Avhich the coauthor in its line of title had in the original work. In November, 1943, Universal Pictures Company, Inc., asked plaintiff to quote a price for a license to use the song in a motion picture. A price of $1,000 was quoted by plaintiff. In May, 1944, Universal obtained from defendant a license for use of the song in a motion picture for $200. Plaintiff demanded a 50% share in the proceeds of this licensing, which demand defendant refused on the ground that the parties were tenants in common in the copyright with the legal consequence that neither was obliged to account to the other for any rights exercised in the composition. The present action for an accounting followed.
Plaintiff’s contention on the trial and on this appeal is that by its renewal of the copyright it became vested Avith legal title to the song, holding the same as trustee for itself and defendant, with a resultant duty on the part of both to account' for profits arising out of licensing the work to third parties. The trial court held that the parties became tenants in common and, as such, each had the right to use the song or license others to use *573 it without accounting to the other. The court cited as authority for its holding, Kabbes v. Philip Carey Mfg. Co. (63 F. 2d 255; 2 Walker on Patents [Deller’s ed.], p. 1450), Cohen v. Bunin (183 Misc. 90) and De Witt v. Elmira Nobles Mfg. Co. (66 N. Y. 459). It will be noted that these cases are patent cases, enunciating the accepted patent rule that coinventors become tenants in common and either may use the invention or license others to use it without accounting to his coinventor.
Appellant contends that the trial court erred in determining the relation of the parties to be that of tenants in common and in not holding that there was an equitable relationship which called for an accounting on equitable principles. Appellant further contends that, even- assuming that the relationship be denominated as that of tenants in common, respondent should be held accountable. Necessarily, appellant argues that the patent rule should not be applied or extended to copyrighted works. Finally, appellant asserts that respondent’s licensing of the song to Universal was a waste of the copyrighted property and amounted to a conversion to its own use of mutually owned property.
We think that the rights of the parties should not be determined by the name tag given, to their relationship. They are equal owners of a copyrighted work, and, in the absence of agreement between them governing their rights in the exploitation of the work, should be held to a standard of dealing befitting their mutual interest in the work. We may call them tenants in common, but there is nothing magical in that description, and the incidents of their relationship do not necessarily follow from that description. True, in the field of patent law, coinvestors are called tenants in common and a legal incident of the relationship-is that neither is accountable to the other for his use or licensing of the invention. On the other hand, tenants in common of real property or chattels are accountable for profits made by leasing or licensing the use of the property to third parties.
Were we dealing with a patent case, we might feel obliged, as a matter of stare decisis, to follow the rule which has emerged in the patent law. We find no authority in the field of copyright law, however, which can be said to establish in that field the rule which obtains in the patent field and which the trial court applied in this case. Independent consideration of the rule to be adopted in copyright cases is invited by the quotation from an opinion of Judge Lurton contained in Bobbs-Merrill Co. v. Straus (210 U. S. 339, 346): “ There are such wide differences- *574 between the right of multiplying and vending copies of a production protected by the copyright statute and the rights secured to an inventor under the- patent statutes, that the cases which relate to the one subject are not altogether controlling as to the other.” I
There is only one case which squarely holds, on the patent analogy, that a co-owner of a copyrighted work is not accountable to his cotenant for profits derived from exploiting the work. That is the case of Carter v. Bailey (64 Me. 458) decided in 1874. It should be noted that Carter v. Bailey (supra) did not involve the question of accountability for profits derived from licensing a third party, but only the question of accountability for one coauthor’s own use of the work. Eecent decisions, particularly those in the Federal Courts of this district and this circuit, look the other way. Most recently, Judge Bright in Shapiro, Bernstein S Co., Inc., v. Jerry Vogel Music Co., Inc. (73 F. Supp. 165) held in favor of accountability, pointing out that much water has gone over the dam since Carter v. Bailey (supra) and that changed times, including the development of radio and motion pictures, justify a new conception of the rights of co-owners of a copyright. In Klein v. Beach (232 F. 240, affd. 239 F. 108); Maurel v. Smith (271 F. 211) and Edward B. Marks Music Corp. v. Jerry Vogel Music Co. (47 F. Supp. 490 and 49 F. Supp. 135) an accounting was ordered.
It seems to us that a rule of accountability is fair.
We may assume for present purposes, although we do not pass upon it, that one cotenant is not accountable to others for his own use of a copyrighted work. Perhaps the reasons are as stated in Carter v. Bailey (64 Me. 458, supra), that if none was allowed to enjoy his legal interest without the consent of all, then one, by withholding his consent, might practically destroy the value of the whole use, and a use only upon condition of accounting for profits would compel a disuse, or risk of skill, capital and time with no right to call for a sharing of possible losses. Such holding and reasoning do not extend, however, to a cotenant licensing a third party to employ the work. That goes beyond use by the co-owner of his own property. It extends to strangers at large the use of property which belongs quite as much to the non-licensing owner as to the licensing owner. It does not seem right that such extended use through strangers may be made of the copyright at a profit solely to the owner conveying the license, to the exclusion of an equal owner. Such a rule, if adopted, would also lead to the unseemly result, evidenced in this ease, of co-owners competing with each other and finessing against *575 each other in licensing the work. Such a rule would encourage the very waste of a work which is claimed to have taken place here by licensing the song for motion picture use for $200. We do not pass upon the claim of waste thus made because we adopt a rule of accountability which should promote sound and orderly marketing of a work and a fair division of profits on the basis of mutual interest, rather than a rule which sets owner against owner in the exploitation of common property.
We hold defendant accountable to plaintiff for the profit derived from licensing the use of the song. The judgment dismissing the complaint should be reversed, with costs and judgment entered in favor of the plaintiff for an accounting, with costs.
, Cohn, Callahan, Van Vooehis and Shientag, JJ., concur.
Judgment unanimously reversed, with costs to the appellant and judgment directed to be entered in favor of the plaintiff for an accounting, with costs. The findings inconsistent with this determination should be reversed and "such new findings made of facts proved on the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.