SIGMA ENGINEERING SERVICE, INC., Plaintiff,

v.

HALM INSTRUMENT CO., Inc., Defendant.

United States District Court
E. D. New York.
June 14, 1963.

Hale, Russell & Stentzel, New York City, Charles L. Lovercheck, Erie, Pa., of counsel, for plaintiff.

James P. Malone, Mineola, N. Y., for defendant.

BARTELS, District Judge.

Action for an injunction, damages and declaratory judgment based upon alleged patent infringement and unfair competition. Defendant moves to dismiss (1) under Rule 12(b) (7), Fed.Rules Civ. Proc., 28 U.S.C.A., for failure of the plaintiff to join in the patent infringement claim, the real party in interest as an indispensable party since plaintiff under Rule 17(a) is not the real party in interest, and (2) on the ground that the amount in controversy in the unfair competition and declaratory judgment claims does not exceed $10,000. The second ground becomes relevant only if the defendant is successful on the first ground.

The essence of defendant's claim is that plaintiff secured its patent right by assignment from inventors who were employees of Corning Glass Works (Corning) employed under an agreement obligating them to transfer all patent rights to inventions made while in its employ. No such transfer was made in this case. Accordingly, the defendant states that while the plaintiff may be the legal owner of the patent, Corning is an equitable owner and as such is an indispensable party to the action. Plaintiff declares that the employment agreement was not applicable to this invention and that it is both the legal and the equitable owner of the patent. But even assuming out-

standing equitable claims, plaintiff argues that as the holder of the legal title to the patent it is nevertheless entitled to institute this suit in its own name without joining the holders of such equitable interest.

All that the real party in interest provision in the Federal Rules of Civvil Procedure means is that the action shall be prosecuted in the name of the party who, by substantive law, possesses the right sought to be enforced, 3 Moore, Federal Practice, ¶1702, at 1305 (2d ed. 1953); see Doherty v. Mutual Warehouse Company, 5 Cir. 1957, 245 F.2d 609, and not necessarily the person who will ultimately benefit from the recovery. The purpose of the rule "is to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter." Celanese Corp. of America v. John Clark Industries, Inc., 5 Cir. 1954, 214 F.2d 551, 556. There is no apparent reason why the defendant in a suit by the holder of the legal title to a patent may not avail itself of such evidence and defenses. Such defenses, however, do not include equities residing in others. If perchance there is an equity in the patent entitling Corning to the benefit of any recovery against the defendant, such equity would not entitle Corning to thereafter sue the defendant although it would entitle it to recover against the plaintiff as a trustee.

This question was in reality decided in Hazeltine Corp. v. Electric Service Engineering Corp., S.D.N.Y. 1926, 18 F.2d 662; Yablic v. Protecto Safety Appliance Corp., 3 Cir. 1927, 21 F.2d 885, and Dubilier Condenser Corp. v. Radio Corp. of America, D.C. Del.1929, 34 F.2d 450. Each of those cases involved a suit by the legal owner of the patent in which the defendant attempted to assert the ownership of the United States predicated upon the employment of the inventor. In each case it was held that whatever equities or rights the United States Government might have in the invention were not available against the holder of the legal title and did not constitute a defense to an action for infringement.[1] The defendant claims that these cases are not applicable because the Government was the employer and the equity arose out of employment rather than a written agreement. "There is no difference between the government and any other employer in this respect." Solomons v. United States, 1890, 137 U.S. 342, 346, 11 S.Ct. 88, 89, 34 L.Ed. 667.[2] Whether written or oral the equitable interest, if any, is the same. In Berghane v. Radio Corp. of America, D.C.Del.1947, 6 F.R.D. 561, a case not involving the United States, it was held that the defendant-infringer could not raise against the holder of the legal title of the patent, the defense of equitable ownership in others. This is in accord with the general principle that one attacking the validity of the patent may not raise all possible defenses but only those that are available to him since some defenses might be personal. Thus a patent cannot be attacked because fraud was practiced against the patent officials, Hazeltine Research v. Avco Manufacturing Corp., 7 Cir. 1955, 227 F.2d 137, cert. denied, 1956, 350 U.S. 987, 76 S.Ct. 474, 100 L.Ed. 854, or because the patentee stole the idea from another party, Bewal, Inc. v. Minnesota Mining and Manufactur-

1. Cf., Edward B. Marks Music Corp. v. Jerry Vogel Music Co., 2 Cir. 1944, 140 F.2d 268, 269 (legal owner of copyright is a real party in interest, and can sue without joining others who may have legal or equitable interests).

2. "The same rules governing the relationship of employee and employer apply in the case of the United States Government and its employees * * *." 2 Walker, Patents, 1472–73.

ing Co., 10 Cir. 1961, 292 F.2d 159. Accordingly, the defendant's motion to dismiss must be denied.

Settle order within ten (10) days on two (2) days' notice.