**ELECTRONIC PUBLISHING CO., Inc., Plaintiff,**

v.

**ZALYTRON TUBE CORPORATION, a New York corporation, Naji Zalayet, Leah (Mrs. Naji) Zalayet, and James Zalayet, Defendants.**

United States District Court
S. D. New York.

Feb. 3, 1964.

Ostrolenk, Faber, Gerb & Soffen, New York City, for plaintiff.

W. Hubert Plummer, Rogers, Hoge & Hills, New York City, for defendants.

BONSAL, District Judge.

This is an action for copyright infringement. Jurisdiction is based on 28 U.S.C. § 1338(a). Plaintiff in its amended and supplemental complaint alleges that it prepared an advertising catalog for Arrow Electronics, Inc. (Arrow), not a party to this action, and that defendants reproduced certain pages of the catalog in their own advertising catalog, infringing plaintiff's copyright. Plaintiff seeks to enjoin any further use by defendants of any material included in the Arrow advertising catalog, and seeks damages for the past use of such material.

Defendants have moved under Rule 12 (b) and Rule 19 of the Federal Rules of Civil Procedure for an order dismissing the amended and supplemental complaint on the ground that plaintiff has failed to join an indispensable party, viz., Arrow.

It appears that plaintiff is in the business of preparing advertising catalogs for customers, which plaintiff delivers to its customers in quantities specified by the customer. It prepared such a catalog for Arrow, and plaintiff alleges that it copyrighted this catalog.

Defendants allege that defendant Zalytron Tube Corporation (Zalytron) is a customer of Arrow, and that the use by defendant Zalytron in its own advertising catalog of material from the Arrow catalog was in furtherance of Arrow's business. From this, defendants urge that Arrow is an indispensable party in the proceeding, asserting various theories including an equitable interest in the copyright by Arrow.

To recover at the trial, plaintiff must establish the validity of the copyright, that it is either the legal or equitable owner of the copyright, and must prove infringement by defendants. If plaintiff does so, it will be entitled to judgment subject to the Court's equity powers to protect third parties, if any. Edward B. Marks Music Corporation v. Jerry Vogel Music Co. Inc., 140 F.2d 268 (2d Cir. 1944); Sigma Engineering Service, Inc. v. Halm Instrument Co., Inc., 33 F.R.D. 129, 130 (E.D.N.Y.1963). Rule 19(a) of the Federal Rules of Civil Procedure does not require the joinder of Arrow. Even if Arrow were an indispensable party, defendant would not be entitled to the dismissal of the complaint. The motion papers indicate that Arrow is located in this District and is subject to the jurisdiction of this Court, so that the Court could order Arrow summoned to appear in the action. Hoffman v. Santly-Joy, Inc., 51 F.Supp. 779 (S.D.N.Y. 1943); 3 Moore, Federal Practice 2206 (2d ed. 1963).

Defendants' motion is denied.

It is so ordered.