MILLER BREWING COMPANY, a Wisconsin Corporation, and Gilbane Building Company, a foreign corporation, Plaintiffs,

v.

ACME PROCESS EQUIPMENT CO., a foreign corporation, and Safeco Insurance Company of America, a foreign insurance corporation, Defendants.

MILLER BREWING COMPANY, a Wisconsin Corporation, and Blount Bros. Inc., a foreign corporation, Plaintiffs,

v.

ACME PROCESS EQUIPMENT CO., a foreign corporation, and Safeco Insurance Company of America, a foreign insurance corporation, Defendants.

Nos. 75–C–588, 75–C–589, 75–C–591 and 75–C–592.

United States District Court, E. D. Wisconsin.

Feb. 8, 1979.

Quarles & Brady by L. C. Hammond, Jr., Ross R. Kinney, Mary Pat Koesterer and

Ronald E. Klipsch, Milwaukee, Wis., for plaintiffs.

Frisch, Dudek & Slattery by Edward A. Dudek and Thomas J. Arenz, Milwaukee, Wis., for Acme.

Kluwin, Dunphy, Hankin & McNulty by Ward Dunphy and Ned J. Czajkowski, Milwaukee, Wis., for Safeco.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have moved to amend their complaints in these actions. The proposed amendments make explicit the plaintiffs' claims for $4,778,000 and $1,397,460 in damages against the defendants Acme Process Equipment Company and Safeco Insurance Company of America. The proposed amendments do not substantively modify the factual allegations made in the original complaints other than to state specific dollar figures for the plaintiffs' alleged losses in these cases.

In opposing the plaintiffs' motion, both defendants rely on my decision and order dated June 30, 1978, in which I stated "that fairly construed the complaints seek declaratory relief." I am not persuaded that either my decision of June 30, 1978, or the language of the earlier complaints in this action preclude the amendments proposed by the plaintiffs.

While the plaintiffs' original complaints can be fairly characterized as seeking declaratory relief, the relief available to the plaintiffs is not thereby restricted to declaratory relief. Rule 54(c), Federal Rules of Civil Procedure, provides in part:

". . . every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

It is well settled that relief in the form of damages can be awarded in an action even if the initial pleadings in the action contained only a prayer for declaratory relief. For example, in *Sapp v. Renfroe*, 511 F.2d 172, 176 n. 3 (5th Cir. 1975), the court stated:

"Rule 54(c) of the Federal Rules of Civil Procedure has been construed liberally and under it the demand for relief in the pleadings does not limit, except in cases of default, the relief a court may grant when entering judgment. *See Thorington v. Cash*, 494 F.2d 582, 586 n. 9 (5th Cir. 1974). A party may be awarded the damages established by the pleadings or the facts proven at trial even though only injunctive relief was demanded in the complaint, unless such damages are foisted upon the parties by the court, or unless the failure to demand such relief prejudiced the opposing party. *Robinson v. Lorillard Corp.*, 444 F.2d 791, 802–03 (4th Cir. 1971); *see* J. Moore, Federal Practice ¶ 54.62 (2d ed. 1974)."

Thus, in the case at bar, Rule 54(c) supports the conclusion that the plaintiffs' motion to amend should be granted, absent a showing by the defendants that the proposed amendments would be unfair to them.

The defendant Safeco has not suggested in its brief any prejudice from which it might suffer if the plaintiffs' motion is granted, but it suggests that the amendments would change the nature of the actions. The defendant Acme contends that it would be prejudiced because the proposed amendments would "inject a massive new area of controversy" into the suits. Acme further contends that because of the discovery deadline in these cases, it would be prevented from adequately conducting discovery regarding the subject of the proposed amendments.

The defendants' claim that the fundamental nature of this litigation would be changed by the proposed amendments is unimpressive. In their original complaints, the plaintiffs allege that in 1974 Miller and Acme entered into several contracts in which Acme agreed to manufacture and erect certain brewery equipment. The plaintiffs also allege in the earlier complaints that subsequent to the formation of those contracts Miller, Acme and Safeco entered into a bond contract which obligated Safeco for Acme's performance on the previous contracts. Finally, the original

complaints allege that Acme failed to carry out its contractual obligations. Therefore, in a prayer for relief, Miller demands that this court make various declarations including that

"3. Miller and/or Gilbane have a right to and shall recover from Acme and/or Safeco (as to Safeco up to the bonds' limits) their respective damages (including consequential, punitive) caused by Acme's breaches and eventual termination of these contracts."

While the initial complaints can be characterized as seeking declaratory relief, the language of the complaints themselves make clear that damages are a possible form of relief as well. Thus, the proposed amendments do not actually alter the basis on which the plaintiffs seek relief nor should they create substantial surprise as to the form such relief might take.

This case is not unlike *Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.*, 255 F.2d 518 (2d Cir. 1958). In that case, the complaint, filed in 1944, asked for declaratory and injunctive relief. The trial held in 1955 resulted in a judgment favorable to the plaintiff on its claims for declaratory relief, and then the plaintiff moved for damages pursuant to 28 U.S.C. § 2202. The plaintiff's motion was denied by the trial court. The court of appeals reversed, stating:

"First, the defendant claims that plaintiff waived such additional relief [damages] by failing in its complaint to allege infringment and consequent damages. But obviously this argument is specious. If plaintiff had proved infringement on the trial it would have been entitled to damages under F.R.Civ.Proc., rule 54(c); but under the declaratory judgment statute it was not compelled to take this course. Hence defendant was not entitled to assume from the absence of a plea for damages that plaintiff would not seek them at trial. Likewise defendant was not entitled to assume that plaintiff would not seek damages after trial and entry of the declaratory judgment because plaintiff's complaint ended with the prayer 'that upon application therefor, plaintiff be granted such further relief based on said declaratory judgment as may be necessary or proper'—the very procedure provided by 28 U.S.C. § 2202. The course plaintiff adopted was thus not unusual."

In summary, the plaintiffs' proposed amendment does not, in my judgment, alter the fundamental nature of these actions, nor should the defendants be unfairly surprised by it. Moreover, with the recent extension of the discovery deadline to July 15, 1979, the parties have an additional five months to complete their discovery in these cases.

Therefore, IT IS ORDERED that the plaintiffs' motion to amend their complaints in these actions be and hereby is granted.