EDWARD B. MARKS MUSIC CORPO-
RATION, Plaintiff-Appellant-
Appellee,

v.

CHARLES K. HARRIS MUSIC PUB-
LISHING CO., Inc., Defendant-
Appellee-Appellant.

No. 276, Docket 24042.

United States Court of Appeals
Second Circuit.

Argued March 25, 1958.

Decided May 16, 1958.

Julian T. Abeles, New York City, for plaintiff-appellant-appellee.

Maxwell Okun, of Fishbein & Okun, New York City (Arthur L. Fishbein, of Fishbein & Okun, New York City, on the brief), for defendant-appellee-appellant.

Before CLARK, Chief Judge, LUMBARD, Circuit Judge, and DIMOCK, District Judge.

CLARK, Chief Judge.

Plaintiff instituted this action in 1944 for a declaratory judgment that it was the sole owner of the renewed copyrights in a number of songs written by Joseph E. Howard and for an injunction re-straining defendant from infringing its copyrights. Defendant asked by way of counterclaim for like relief in its favor. After numerous delays the case came to trial in 1955. The district court's judgment declared the defendant the sole owner of the renewed copyrights in 28 of the songs, and the plaintiff the sole owner of the renewed copyrights in 154 of the songs. In addition it provided appropriate injunctive relief. Thereupon plaintiff moved for an adjudication of infringement and for an accounting as further relief based on the declaratory judgment.[1] The district court denied the motion. Plaintiff appeals from this denial, and defendant appeals from that part of the judgment which declared the plaintiff to be sole owner of the renewed copyrights in the 154 songs.

We deal first with the defendant's appeal. Defendant's interest in the renewed copyrights depends on an unrecorded conveyance executed in 1916 by Howard to defendant's predecessor, Charles K. Harris, the original publisher of Howard's songs. The conveyance, which makes no mention of renewal rights, states in part that in consideration of $150 Howard conveys to Harris all his "right, title and interest by way of copyrights or otherwise * * * in and to all my musical compositions published by Chas. K. Harris of New York City." Plaintiff's claim of ownership is based on an agreement between it and Howard executed on June 6, 1933 (prior to the end of the original copyright terms), which clearly provided for the assignment of the renewal copyrights in Howard's songs. This agreement, recorded in the Copyright Office ten months after its execution, was followed by specific assignments from Howard to plaintiff of each of the litigated songs after the copyrights were renewed. Each such assignment provided that it was made pursuant and subject to the agreement of

---

1. The plaintiff also moved to alter and amend the judgment pursuant to F.R.Civ. Proc., rule 59(e), to provide that it was the sole owner of the copyrights in another group of songs in which the court found defendant had no interest and for injunctive relief with respect to these songs. This motion was granted, and defendant takes no appeal from this aspect of the case.

June 6, 1933, and each was duly recorded within the statutory period provided in 17 U.S.C. § 30.

In 1936, Howard executed seventeen separate assignments of the renewal rights to the songs in issue to defendant's predecessor which subsequently were recorded. But these are of no help to defendant unless the instrument executed by Howard in 1916 conveyed to Harris the renewal rights, for, prior to the 1936 assignments, plaintiff had recorded the valid agreement assigning to it the renewal rights to the songs, as we have just stated.

██ The cases are clear that a copyright renewal creates a separate interest distinct from the original copyright and that a general transfer by an author of the original copyright without mention of renewal rights conveys no interest in the renewal rights without proof of a contrary intention. G. Ricordi & Co. v. Paramount Pictures, Inc., 2 Cir., 189 F. 2d 469, certiorari denied 342 U.S. 849, 72 S.Ct. 77, 96 L.Ed. 641; Rossiter v. Vogel, 2 Cir., 134 F.2d 908. Here we have a general transfer to defendant's predecessor which makes no mention of renewal rights. But to show that Howard intended to include the renewal rights in the grant, defendant produced the deposition of Isabelle B. Monroe, who was Harris' secretary in 1916. She testified that after Howard had signed the conveyance, and in his presence, Harris stated that "all the property was ours and all the renewals became part of our catalogue." The district court rejected this deposition as determinative of Howard's intent to include the renewal rights, and we agree. It is surely tenuous at best to conclude that Howard really intended to strip himself of his separate interest in the renewals by merely saying nothing (if he heard) in response to Harris' somewhat ambiguous self-supporting statement. Actually the deposition was taken 39 years after the alleged conversation, and it is quite inconceivable that the witness remembered in detail all the relevant circumstances surrounding the event. Moreover, it is quite probable that the whole purpose of the 1916 conveyance was to extinguish Harris' liability to pay royalties to Howard pursuant to prior contracts between the principals. This is supported by one part of the conveyance which provided that Howard released Harris "from payment of royalties or otherwise by reason of any contract or understanding had between the parties concerning said musical compositions." At best, then, we have a situation where the conveyance is silent as to renewal copyrights; and the extrinsic evidence concerning intent is ambiguous. This is insufficient to support defendant's claim.

██ On the other hand, plaintiff's claim of ownership is based on an unambiguous agreement with Howard which clearly conveyed to it all renewal copyrights in the songs at issue and which provided that Howard would execute all necessary renewals for plaintiff's benefit. Defendant's objections to the validity of this agreement are not well taken. Most of them erroneously presume that the 1916 instrument effectively conveyed renewal rights to Charles K. Harris and that the plaintiff's alleged failure to comply with 17 U.S.C. § 30 stripped it of any rights as a bona fide purchaser for value. But as we have shown, the 1916 conveyance gave defendant no interest in the renewal rights; and hence its claim of ownership must be based on the seventeen separate assignments executed by Howard in 1936. Under this analysis it is evident that plaintiff's failure to record the 1933 agreement within three months of its execution vests no rights in defendant. For defendant to prevail under § 30 it had to be a subsequent purchaser without notice, and admittedly in 1936 it had notice of plaintiff's interest. Conversely, it matters little that in 1933 plaintiff might have had notice of defendant's claim, for this could have been notice only of an invalid claim. Finally, defendant says that plaintiff was not a purchaser for a valuable consideration, because the 1933 agreement provided for royalties, including an advance of $200. Although a promise to pay royalties in

the future, coupled with notice of a prior claim before payment, might deprive a subsequent purchaser of the status of a bona fide purchaser under § 30, Rossiter v. Vogel, supra, 2 Cir., 134 F.2d 908, 911, the doctrine has no application to a prior purchaser, which is what plaintiff is here. Thus in order to upset the 1933 agreement, defendant must show the lack of any consideration, which obviously is out of the question. Plaintiff's ownership, therefore, is well supported by the record, and the district court correctly rejected defendant's claims to the songs at issue.

■■■ We come, then, to plaintiff's appeal from the denial of its motion for an adjudication of infringement and for an accounting. If plaintiff is not barred by laches this relief is proper. 28 U.S.C. § 2202 specifically provides that: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." We take this to mean that the further relief sought—here monetary recompense—need not have been demanded, or even proved, in the original action for declaratory relief. The section authorizes further or new relief based on the declaratory judgment, and any additional facts which might be necessary to support such relief can be proved on the hearing provided in the section or in an ancillary proceeding if that is necessary. Cf. Security Ins. Co. of New Haven v. White, 10 Cir., 236 F.2d 215. Here the further demand for relief is based on the declaration of plaintiff's ownership of the songs at issue and, unless otherwise barred, is proper under the statute. The real question, then, is whether the district court was correct in holding that the eleven-year delay between the institution of the suit and the trial constitutes laches which estops plaintiff from now receiving the further relief which it seeks.

■■■ Plaintiff instituted this action in 1944, some six years after it had notice of threatened infringement by defendant's predecessor. We see no basis for the application of laches concerning this six-year period, for it appears that in 1941 (some three years after notice) plaintiff commenced a suit against defendant's predecessor concerning the renewed copyright in one of Howard's songs where the question at issue was the effect of the 1916 conveyance. Although that suit was discontinued, Edward B. Marks Music Corp. v. Jerry Vogel Music Co., D.C.S.D.N.Y., 49 F. Supp. 135, it was dropped only after defendant's predecessor withdrew her claim to the song under the conveyance, which would indicate that defendant's predecessor then believed that the 1916 conveyance did not pass renewal rights. Under the circumstances it seems clear that the plaintiff can be charged with no serious delay in instituting the suit.

■■■ Of course, as we know, failure to prosecute a suit diligently, resulting in a substantial delay which causes actual prejudice to the adverse party, can constitute laches. D. O. Haynes & Co. v. Druggists' Circular, 2 Cir., 32 F.2d 215; Pollitzer v. Foster, 6 Cir., 59 F.2d 901. Here the delay was eleven years, and defendant contends that this should estop plaintiff from now demanding damages in addition to the awarded declaratory and injunctive relief. First, the defendant claims that plaintiff waived such additional relief by failing in its complaint to allege infringment and consequent damages. But obviously this argument is specious. If plaintiff had proved infringement on the trial it would have been entitled to damages under F.R.Civ. Proc., rule 54(c); but under the declaratory judgment statute it was not compelled to take this course. Hence defendant was not entitled to assume from the absence of a plea for damages that plaintiff would not seek them at trial. Likewise defendant was not entitled to assume that plaintiff would not seek damages after trial and entry of the declaratory judgment because plaintiff's complaint ended with the prayer "that upon application therefor, plaintiff be granted such further relief based on said declaratory judgment as may be necessary or

proper"—the very procedure provided by 28 U.S.C. § 2202. The course plaintiff adopted was thus not unusual.

 Second, defendant contends, and the district court agreed, that the eleven-year delay prejudiced its defenses against the infringement claims. But the record shows that the defendant consented to or joined in applications for these delays. So clearly it was then unworried as to prejudice resulting from them. Moreover, its affidavits show no specific prejudice; and the court's findings of "manifest prejudice" are not supported by anything in the record. The record does show, however, commendable efforts on the part of both parties to litigate all their claims concerning ownership of Howard's songs in this proceeding. Amendments of the pleadings indicate that the claims were complex, which probably accounts to some degree for the delay. Doubtless the parties, too, were both stimulated to renewed interest by the renaissance of old songs under the benign auspices of radio and television. Each case where laches is urged as a defense must be decided on its own facts. Under the circumstances here present it seems unfair to tax plaintiff, the rightful owner, rather than defendant, the infringing wrongdoer, with severe penalties for the delay in which they both participated.

On the defendant's appeal affirmed; on the plaintiff's appeal reversed and remanded for further proceedings in accordance with this opinion.