**HORN & HARDART COMPANY, Appellant,**

v.

**NATIONAL RAIL PASSENGER CORPORATION.**

No. 87–7087.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 9, 1988.

Decided April 8, 1988.

John G. Roberts, Jr., with whom Peter F. Rousselot and Allen R. Snyder, Washington, D.C., were on the brief, for appellant.

Charles F. Lettow, with whom Matthew D. Slater, Washington, D.C., was on the brief, for appellee.

Before WALD, Chief Judge, STARR and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Chief Judge WALD.

WALD, Chief Judge:

Appellant Horn & Hardart Company (Horn & Hardart) seeks review of a district court decision granting a motion by appellee National Railroad Passenger Corporation (Amtrak) for "further relief" under the Declaratory Judgment Act.[1] Specifically, the district court enforced liquidated-damages and cost-on-default contract provisions against Horn & Hardart, the lessee of restaurant space in Amtrak's Pennsylvania Station in New York City.[2]

Horn & Hardart, a Nevada corporation involved in the food services industry, entered into three leases with Amtrak on June 1, 1980, for restaurant space in Pennsylvania Station, New York City. On November 29, 1984, Amtrak informed Horn & Hardart that it intended to terminate all three leases pursuant to provisions that authorized such termination when corporate or construction purposes so required, and demanded that Horn & Hardart vacate the premises by February 28, 1985. Instead, Horn & Hardart instituted an action based on the Declaratory Judgment Act seeking a ruling that the terminations violated the lease provisions. Horn & Hardart also sought an injunction against Am-

trak's seeking an eviction as well as $2.5 million in damages for losses suffered by Horn & Hardart as a result of Amtrak's actions. This action, based on an alleged failure of Amtrak to abide by the notice of termination clauses, was unsuccessful. First, the district court, *see Horn & Hardart Co. v. National Railroad Passenger Corp.*, No. 85–0820, mem.op. (D.D.C. May 30, 1985) *(Horn & Hardart I)* [available on WESTLAW, 1985 WL 9426], then this court, *see Horn & Hardart Co. v. National Railroad Passenger Corp.*, 793 F.2d 356 (D.C.Cir.1986) *(affirming Horn & Hardart I)*, upheld Amtrak's legal right to terminate the leases. Simultaneously, Amtrak took actions in New York courts to regain possession. Horn & Hardart vacated the properties on August 5, 1985. That same month, Amtrak paid Horn & Hardart $180,-000 in compensation for the early termination pursuant to a cancellation-premium clause, and, on August 19, 1986, Amtrak brought the present action for "further relief" under § 2202 of the Declaratory Judgment Act.

The district court, relying on § 2202, enforced the leases' end-of-term holdover and cost-on-default clauses, and awarded Amtrak $335,017.30 in damages and $52,562.02 in attorney's fees. *Horn & Hardart Co. v. National Railroad Passenger Corp.*, 659 F.Supp. 1258 (D.D.C.1987) *(Horn & Hardart II)*. Horn & Hardart raises four objections to this result. Because all four objections are unavailing, we affirm the district court's order.

---

1. Section 2202 reads:
   Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.
   28 U.S.C. § 2202.
2. The end-of-term holdover clauses concerning liquidated damages uniformly provide:
   Lessee ... agrees that if possession of the demised premises is not surrendered to the Lessor within seven days of the date of expiration or sooner termination of the term of this lease, then Lessee agrees to pay Lessor as liquidated damages for each month and for each portion of any month during which Les-

see holds over in the premises after expiration or termination of the term of this lease, a sum equal to three times the average rent and additional rent which was payable per month under this lease during the last six months of the term thereof.
*See Horn & Hardart Co. v. National Railroad Passenger Corp.*, 659 F.Supp. 1258, 1266–67 (D.D.C.1987) (emphasis omitted).
   The leases also included provisions that required Horn & Hardart to pay costs and expenses, including attorneys' fees, suffered by Amtrak because of a " 'default in the observance or performance of any term or covenant on Lessee's part....' " *Id.* at 1268 (emphasis omitted).

### A. Jurisdiction

■ First, appellant–Horn & Hardart's argument that the district court lost jurisdiction once its initial judgment was appealed to this court is mistaken. The "further relief" provisions of both state and federal declaratory judgment statutes clearly anticipate ancillary or subsequent coercion to make an original declaratory judgment effective.[3] Neither a completed appeal, *see McNally v. American States Insurance Co.*, 339 F.2d 186, 187, 188 (6th Cir.1964) (per curiam), nor a considerable period of delay after the trial court ruling, *see Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.*, 255 F.2d 518 (2d Cir.), *cert. denied*, 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958), terminates this authority. Section 2202's retained authority, commentators have noted, "merely carries out the principle that every court, with few exceptions, has inherent power to enforce its decrees and to make such orders as may be necessary to render them effective." Borchard, Declaratory Judgments 441 (2d ed.1941); *see also Rincon Band of Mission Indians v. Harris*, 618 F.2d 569, 575 (9th Cir.1980).[4] To rule otherwise would allow the party against whom a declaratory judgment is rendered to nullify her adversary's right to § 2202 relief merely by lodging an appeal. Indeed, such a forfeiture rule would conflict not only with common sense, but also with the principle that when a party files a notice of appeal the district court only surrenders "its control over those aspects of the case involved in the appeal." *Griggs v. Provi-*

*dent Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). This court expressly confined its earlier inquiry to "whether the trial court erred in its interpretation of termination provisions contained in three 1980 leases between Amtrak ... and [Horn & Hardart]." 793 F.2d at 356. The district court, therefore, never surrendered jurisdiction over the leases' liquidated-damages and cost-on-default provisions now on appeal.

### B. The Declaratory Judgment Act

■ Section 2202 of the Declaratory Judgment Act provides for "necessary or *proper* relief"—specifically, "proper relief *based* on the declaratory judgment." 28 U.S.C. § 2202 (emphases added). Amtrak's request for further relief in the form of triple rent and attorneys' fees follows absolutely from, and is based on, the district court's decision in *Horn & Hardart I* confirming Amtrak's right to terminate the leasehold.[5] And even though Amtrak's present request may not be "necessary" to effectuate the lease termination ruling, the plain language of the Declaratory Judgment Act does not require this degree of stringency. The relief need only be proper. *See, e.g., Besler v. United States Dept. of Agriculture*, 639 F.2d 453, 454–55 (8th Cir. 1981); *Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.*, 255 F.2d 518, 522 (2d Cir.), *cert. denied*, 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958) (damages for infringement of copyright awarded to supplement declaratory

---

**3.** Horn & Hardart's reliance on *Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789 (7th Cir.1983), albeit misplaced, is instructive. Though *Overnite* states the general rule that an appeal divests a district court of jurisdiction, the court qualifies this rule by recognizing that jurisdiction can be "reserved" by statute. *Id.* at 792. The Declaratory Judgment Act's provision for further relief works such a reservation. *See* Borchard, Declaratory Judgments 439 (2d ed. 1941).

**4.** *See also* Anderson, Actions for Declaratory Judgments § 451 (2d ed. 1951 & Supp.1959). Anderson writes:

While it is true that the declaratory judgment statute does not authorize the retention by the court of any jurisdiction after entertaining a

declaratory judgment, yet it does not follow that a court may not retain jurisdiction to enter such subsequent orders that will make effective the declaratory judgment that has been granted. The power of the court of equity to retain jurisdiction to give complete and effectual relief is well established, and it follows without any serious controversy that the court may make such further orders to give effect to a declaratory judgment as shall seem meet and proper.

*Id.* at 1058.

**5.** We note that were the subsequent action for § 2202 further relief to occur unfairly late, suit might be barred by the doctrine of laches. No such concern exists in the present case.

judgment as to ownership, even though damages were not asserted in complaint). Further relief is certainly proper in this case because the leasehold arrangement between Amtrak and Horn & Hardart specified that a valid notice of termination was the only factual and legal predicate necessary for recovery of liquidated damages and costs.

### C. *Res Judicata*

■ The district court properly rejected Horn & Hardart's third objection that Amtrak's claims for further relief are barred by *res judicata* doctrine. It ruled that ordinary principles of claim preclusion do not apply to § 2202 actions given their clear purpose of supplementing declaratory relief. *See, e.g., Kaspar Wire Works, Inc. v. Leco Engineering & Mach., Inc.,* 575 F.2d 530, 534–40 (5th Cir.1978); *Alexander & Alexander, Inc. v. Van Impe,* 787 F.2d 163, 166 (3d Cir.1986) (dictum). In turn, this logic rests on the declaratory judgment exception to claim preclusion doctrine. *See* Restatement (Second) of Judgments § 33 (1982); *see also Mandarino v. Pollard,* 718 F.2d 845, 847, 848 (7th Cir.1983) (dictum), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). Where a party asks only for declaratory relief, courts have limited the preclusive effect to the matters declared, hence permitting a later action seeking coercive relief based on the same cause of action. Indeed, the very language of § 2202 indicates that the prevailing party in a declaratory judgment may seek further relief in the form of damages or an injunction. *Powell v. McCormack,* 395 U.S. 486, 499, 89 S.Ct. 1944, 1952, 23 L.Ed.2d 491 (1969); *see also Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.,* 255 F.2d 518, 522 (2d Cir.1958), *cert. denied,* 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69; Annot., 10 A.L.R.2d 782, 787 (1950) (citing cases). Federal and state cases, moreover, have utilized § 2202, or its state counterparts, to award damages at a later date to parties who have earlier succeeded at the declaratory judgment stage. *See, e.g., Security Mutual Casualty Co. v. Century Casualty Co.,* 621 F.2d 1062, 1066 (10th Cir.1980); *Farley v. Missouri Dept. of Natural Resources,* 592 S.W.2d 539, 541 (Mo.App.1979).

Horn & Hardart attempts to rebut reliance on the declaratory judgment exception to claim preclusion with the observation that where a plaintiff's original action seeks coercive or injunctive, as well as declaratory, relief, traditional rules of claim preclusion may apply to bar later actions. This bar could only affect Amtrak, however, had it filed an answer, thereby making its own counterclaims ripe. In this case, Rule 13(a)'s compulsory counterclaim requirement never became relevant.[6] For a counterclaim to be compulsory, Amtrak would have to have been obliged to submit responsive pleadings, *see* Restatement (Second) of Judgments § 21 (defendant who prevails on counterclaim is treated as plaintiff and rules of merger apply). Instead, Amtrak merely filed a motion to dismiss, which under Fed.R.Civ.P. 12(b)(6) is not such a responsive pleading. Summary disposition was entered before Amtrak was required to submit an answer. *See United States v. Snider,* 779 F.2d 1151, 1157 (6th Cir.1985) (no bar to second suit where motion to dismiss settled earlier case without pleadings). Where a defendant neither asserts, nor is required to assert, a counterclaim, Restatement (Second) of Judgments § 22 explains that the previously unlitigated issues will not later be estopped by the earlier action. *See, e.g., County Fuel Co. v. Equitable Bank Corp.,* 832 F.2d 290, 292 (4th Cir.1987). The issues now before this court, we have noted, were not decided in the prior action over the termination provi-

---

6. Because Rule 13 did not become timely, we do not consider the possibility that § 2202's provision for supplementary relief might actually enlarge the declaratory judgment exception to claim preclusion to permit a supplemental action even where the original action involved more than declaratory relief. *Cf. Edward B. Marks Music Corp. v. Charles K. Harris Music Corp.,* 255 F.2d 518 (2d Cir.) (court awards § 2202 further relief even though original claim includes injunctive relief request—no discussion of claim preclusion), *cert. denied,* 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958).

**550**

sions.[7]

### D. Merits

 Reaching the merits, we find that the plain and straight-forward language of the leases controls. The leases stated that because Amtrak would incur considerable costs if Horn & Hardart failed to vacate upon notice of termination, *see Horn & Hardart II,* 659 F.Supp. at 1266 (liquidated damages provisions), Horn & Hardart, in the event of a holdover, would be liable for both attorneys' fees and three times its average monthly rent.[8] District of Columbia law, which governs Amtrak contracts, holds that such liquidated-damages clauses are valid and enforceable. *See, e.g., Vicki Bagley Realty, Inc. v. Laufer,* 482 A.2d 359, 368 (D.C.1984). Horn & Hardart's disagreement with this result rests on an alleged "well-established principle that holdover sanctions should not apply to those remaining on the premises on the basis of a reasonable, good faith understanding of their legal rights." *See* Brief for Appellant at 12. To be sure, parties may negotiate to include a bad faith requirement before a liquidated damages forfeiture will ensue. However, these leases do not contain any such requirement; nor does District of Columbia law require that default be in bad faith before liquidated damages or attorneys' fees may be compelled. *See Burns v. Hanover Insurance Co.,* 454 A.2d 325, 327 (D.C.1982) (parties may agree in advance the sum to be forfeited as liquidated damages unless amount is shown to be penalty); *Hagans Management Co. v. Nichols,* 409 A.2d 179, 182 (D.C.1979) (lease provision for payment of attorneys' fees on default upheld).

We conclude that Horn & Hardart cannot escape its contractual obligations, which Amtrak now seeks to pursue under § 2202.

Appeal from an adverse declaratory judgment does not erect a jurisdictional bar to further relief in the district court based on the original judgment, nor does the doctrine of claim preclusion bar a valid § 2202 "further relief" action in the circumstances of this case where the defendant was never required to assert counterclaims in the original suit. Although our explication of the issues differs in some respects from the trial court's rationale, we agree with the district court that none of Horn & Hardart's procedural or substantive arguments will permit that corporation to escape its contractual liability to Amtrak.

*Affirmed.*

---

**7.** Indeed, § 2202's post-judgment relief need not be demanded, or even proved, in the original action. *See Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.,* 255 F.2d 518 (2d Cir.), *cert. denied,* 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958).

**8.** Amtrak's twin claims for triple rent damages and attorneys' fees are based on the leases' clauses cited in note 2, *supra.* Because both

claims involve sums that have a reasonable relation to the probable damages Amtrak incurred from Horn & Hardart's holdover, these automatic forfeitures do not constitute a penalty which would be invalid under *Burns v. Hanover Insurance Co.,* 454 A.2d 325, 327 (D.C.1982). The district court's conclusion that the sums did not act as a penalty, *see Horn & Hardart II,* 659 F.Supp. at 1266, is not contested by either party.