**CHURCH MUTUAL INSURANCE CO.**

v.

**Linda Carter SPEARMAN.**

**Civ. A. No. 88-8044.**

United States District Court,
E.D. Pennsylvania.

March 23, 1989.

John J. Coffey, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for plaintiff.

Michael P. McDonald, Winer & Einhorn, P.C., Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff, an insurance company, provides workers' compensation and uninsured motorist insurance to defendant through a policy with defendant's employer. After defendant, while acting in the course and scope of her employment, was in a car accident, plaintiff paid workers' compensation benefits to defendant, but refused to pay her any uninsured motorist benefits, on the ground that plaintiff's obligation under the policy was satisfied by the payment of workers' compensation benefits.

Defendant objected to plaintiff's refusal, and demanded that the dispute be submitted to arbitration, under the arbitration clause in the policy. Plaintiff then brought this action, seeking a declaratory judgment that the arbitration clause does not require plaintiff to submit to the arbitration of this dispute. Defendant filed a counterclaim seeking a declaratory judgment to the contrary. Plaintiff has now filed a motion for summary judgment on the arbitration question, which is essentially unopposed. (Although defendant responded with a cross motion for summary judgment, she does not address the arbitration question, but only argues the merits of her claim to benefits). For the reasons that follow, I hold that this dispute is not subject to arbitration under the policy.

The arbitration clause in the contract provides:

If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or an underinsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration.

*Policy* at ¶ 4. The language of this clause is plain and unambiguous. It makes two kinds of disputes subject to arbitration: disputes over "whether the insured is legally entitled to recover damages from the owner or driver of [the] vehicle," and disputes over "the amount of damages."

The present dispute is not over the amount of damages. Nor is it over whether the insured is legally entitled to recover damages from the owner or driver. The dispute is over whether the insured is legally entitled to recover uninsured motorist benefits from the insurer, when the insurer has paid workers' compensation benefits to the insured for the same injuries. It is therefore not a dispute covered by the arbitration clause in the policy. Accordingly, I hold that plaintiff is not required to submit to the arbitration of this dispute, and I will grant plaintiff's motion for summary judgment.

As noted above, defendant has filed a cross motion for summary judgment in which she argues that she is entitled to uninsured motorist benefits. Defendant did not request this relief in her counterclaim. However, in an action for a declaratory judgment, I may grant any "further necessary or proper relief . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. I may grant such relief even if no party has requested it in pleadings. F.R. Civ.P. 54(c); *Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co.*, 255 F.2d 518 (2d Cir.), *cert. denied*, 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958) (declaratory judgment). Therefore, I will treat defendant's cross motion for summary judgment as a motion for the adjudication of her insurance claim. Since 28 U.S.C. § 2202 requires a hearing before such further relief can be granted, I will defer ruling on defendant's motion until after a hearing has been held.

### ORDER

AND NOW, this 23rd day of March, 1989, on consideration of plaintiff's motion for summary judgment in this action for a declaratory judgment, for the reasons expressed in a memorandum filed this date, it is ORDERED as follows:

(1) Plaintiff's motion for judgment on the arbitration question is GRANTED.

(2) The arbitration clause in the motor vehicle insurance policy issued by plaintiff, under which defendant is an insured, does not obligate plaintiff to submit to the arbitration of defendant's claim against plaintiff for uninsured motorist benefits.

(3) A hearing to show cause why further relief should not be granted will be held on April 6, 1989, at 2:30 p.m., in Courtroom 17A, United States Courthouse, 601 Market Street, Philadelphia, PA.