67 F.3d 294
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CAROLINA PIZZA HUTS, INCORPORATED; Pizza Hut of New Bern,
Incorporated; Outer Banks Pizza Hut, Incorporated; Pizza
Hut of Elizabeth City, Incorporated; Pizza Hut of
Goldsboro, Incorporated; Pizza Hut of Greenville,
Incorporated; Pizza Hut of Havelock, Incorporated; Pizza
Hut of Henderson, Incorporated; Pizza Hut of Jacksonville,
Incorporated; Pizza Hut of Kinston, Incorporated; Pizza
Hut of Morehead City, Incorporated; Pizza Hut of Roanoke
Rapids, Incorporated; Pizza Hut of Rocky Mount,
Incorporated; Pizza Hut of Tarboro, Incorporated; Pizza
Hut of Wilson, Incorporated; Pizza Hut of Wrightsville
Beach, Incorporated; Plaza Pizza Hut, Incorporated; South
Wilmington Heights Pizza Hut, Incorporated; Wilmington
Pizza Huts, Incorporated; Delco Store # 154, Incorporated,
Plaintiffs-Appellants,
v.
Billie Lea WOODWARD, Executrix of the Estate of Philip D.
Woodward, Defendant-Appellee,
and
Philip D. Woodward, Estate of the foregoing, Defendant.
CAROLINA PIZZA HUTS, INCORPORATED; Pizza Hut of New Bern,
Incorporated; Outer Banks Pizza Hut, Incorporated; Pizza
Hut of Elizabeth City, Incorporated; Pizza Hut of
Goldsboro, Incorporated; Pizza Hut of Greenville,
Incorporated; Pizza Hut of Havelock, Incorporated; Pizza
Hut of Henderson, Incorporated; Pizza Hut of Jacksonville,
Incorporated; Pizza Hut of Kinston, Incorporated; Pizza
Hut of Morehead City, Incorporated; Pizza Hut of Roanoke
Rapids, Incorporated; Pizza Hut of Rocky Mount,
Incorporated; Pizza Hut of Tarboro, Incorporated; Pizza
Hut of Wilson, Incorporated; Pizza Hut of Wrightsville
Beach, Incorporated; Plaza Pizza Hut, Incorporated; South
Wilmington Heights Pizza Hut, Incorporated; Wilmington
Pizza Huts, Incorporated; Delco Store # 154, Incorporated,
Plaintiffs-Appellees,
v.
Billie Lea WOODWARD, Executrix of the Estate of Philip D.
Woodward, Defendant-Appellant,
and
Philip D. Woodward, Estate of the foregoing, Defendant.
 Nos. 94-2522, 94-2553.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1995.
Decided Sept. 29, 1995.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at New Bern. James C. Fox, Chief District Judge. (CA-93-8-4-F, CA-93-128-4-F)
 ARGUED Trawick Hamilton Stubbs, Jr., STUBBS, PERDUE & WHEELER, P.A., New Bern, North Carolina, for Appellants. Robert
 Harry Tiller, PARKER, POE, ADAMS & BERNSTEIN, L.L.P., Raleigh, North Carolina, for Appellee. ON BRIEF: James M. Ayers, II, Gary R. Perdue, STUBBS, PERDUE & WHEELER, P.A., New Bern, North Carolina, for Appellants. Robert W. Spearman, PARKER, POE, ADAMS & BERNSTEIN, L.L.P., Raleigh, North Carolina; Michael P. Flanagan, Louise W. Flanagan, WARD & SMITH, P.A., Greenville, North Carolina; Warren W. Davis, Keith D. Price, DAVIS, DAVIS, KASNETZ & GREENBERG, L.C., St. Louis, Missouri, for Appellee.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 ERVIN, Chief Judge:
 
 
 1
 The declaratory judgment action underlying this appeal involves a suit by twenty Pizza Hut corporations against stockholder Billie Lea Woodward, the executrix of the estate of her husband, Philip D. Woodward. The plaintiff corporations sought the transfer of the estate's share of the corporations pursuant to two stock redemption agreements executed prior to Mr. Woodward's death. In this appeal, the plaintiffs challenge the district court's award of post-judgment interest to the defendant. On cross-appeal, Woodward contends that she should have been awarded the incidental benefits of stock ownership for the period from February 15, 1994, the date of the lower court's initial judgment, through the dates of the stock's transfer. Concluding that the actions of the district court came within its authority under 28 U.S.C. Sec. 2202, we affirm.
 
 I.
 
 2
 In January 1993, twenty Pizza Hut corporations filed two virtually identical lawsuits against defendant Woodward in the Eastern and Middle Districts of North Carolina. The complaints, which eventually were consolidated into one case in the Eastern District, sought declaratory relief regarding the parties' respective rights under two Stock Redemption Agreements, specific performance, and damages for breach of contract. The inability to join necessary parties forced the plaintiffs to abandon their claims for damages and specific performance.
 
 
 3
 The agreements at issue provided for the redemption of a deceased shareholder's stock in each of the plaintiff corporations either by the remaining shareholders or by the corporations themselves. The documents established that the stock would be transferred at a value previously agreed to by the shareholders during periodic evaluations. The agreements also stated that a deceased shareholder's estate need not accept the price established at any evaluation conducted more than eighteen months prior to the shareholder's death. Despite the fact that Philip Woodward agreed to a stock price less than eighteen months before he died, his estate refused to accept as insufficient that amount from the plaintiff corporations. Had it done so and the transaction been consummated pursuant to the agreement, the deal presumably would have closed by January 6, 1993.
 
 
 4
 On February 15, 1994, the district court granted summary judgment in favor of the plaintiffs in both actions, holding that the Woodward estate was obligated to transfer the stock for consideration in the amount of $5,049,114. Joint Appendix at 363-68. The court found that the "[d]efendant repudiated the Agreement based on the assertion that this valuation was improper." Id. at 366. On that basis, the court denied defendant's motion for pre-judgment interest: "[H]aving wholly repudiated the Agreements at the time of redemption ... [defendant] cannot now demand the benefits that would have flowed to her from the consummation of the transaction." Id.
 
 
 5
 The parties disagree about what transpired next. Essentially, Woodward claims that the plaintiffs stonewalled in transferring the money in accordance with the court's judgment. The plaintiffs maintain that the terms of the Stock Redemption Agreements required them to obtain approval from Pizza Hut, Inc., which was not forthcoming because of a dispute over whether the estate's stock in some related pizza delivery operations (known as the "Delco stores") would be included in the transfer. Another lawsuit between the parties over the issue of the Delco stores was filed. Each party blames the other for the failure to obtain the requisite approval from Pizza Hut, Inc.
 
 
 6
 On July 19, 1994, Woodward sought a show cause order or supplemental relief pursuant to 28 U.S.C. Sec. 2202 on the ground that plaintiffs had not yet completed the transfers as ordered by the trial court. On July 28, 1994, the plaintiffs' counsel requested approval from Pizza Hut, Inc., for the transfer of the estate's stock, with the exception of the Delco shares. Pizza Hut, Inc., eventually approved the transfers. On September 2, the plaintiffs tendered a down payment and promissory note according to the terms of the court's February 15 judgment, and the ownership of the stock was transferred to them.
 
 
 7
 At a September 7 hearing on Woodward's motion for supplemental relief, the trial court explained the intention behind its February 15 order: "Ownership of the stock ought to go to the plaintiffs as of that date and the payment to the defendant[ ] would be made as of that date and the interest ought to run on that payment from that point in time on." Joint Appendix at 916. In an order issued on September 28, the court found that the plaintiffs were entitled to the incidental benefits of stock ownership as of February 15. Likewise, the court concluded that the estate was entitled to interest at the standard postjudgment rate of 3.74% on the insurance proceeds to be applied to the stock transactions, as well as interest at the contractually prescribed rate of 10% on the remainder of the amount owed. Finally, the court modified its February 15 order by striking the statement that the defendant had repudiated the agreement and was not entitled to prejudgment interest on that basis. Joint Appendix at 968, 984.
 
 
 8
 The plaintiffs filed a timely notice of appeal from the court's order, and Woodward cross-appealed from the district court's finding that the plaintiffs were entitled to the incidents of stock ownership after February 15, 1994. The district court had jurisdiction over this matter pursuant to 28 U.S.C. Secs. 1332 and 2201. Appellate jurisdiction is proper under 28 U.S.C. Sec. 1291.
 
 II.
 
 9
 On appeal, the plaintiffs attempt to collapse the distinction between entitlement to pre- and post-judgment interest. They argue that the district court's award of post-judgment interest pursuant to 28 U.S.C. Sec. 1961(a) was improper because of Woodward's initial unwillingness to close the transfer.[1] We review de novo the application of the statutory requirements of the Declaratory Judgment Act. Insurance Services of Beaufort, Inc. v. Aetna Casualty & Surety Co., 966 F.2d 847, 851 (4th Cir.1992).
 
 
 10
 Section 2202 of title 28 of the United States Code provides: "Further necessary or proper relief based on a declaratory judgment or decree may be granted after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." This provision "clearly anticipate[s] ancillary or subsequent coercion to make an original declaratory judgment effective." Horn & Hardart Co. v. National Rail Passenger Corp., 843 F.2d 546, 548 (D.C.Cir.), cert. denied, 488 U.S. 849 (1988). As the D.C. Circuit has recognized:
 
 
 11
 Section 2202's retained authority, commentators have noted "merely carries out the principle that every court, with few exceptions, has inherent power to enforce its decrees and to make such orders as may be necessary to render them effective."
 
 
 12
 Id. at 548 (quoting Borchard, DECLARATORY JUDGMENTS 441 (2d ed.1941)); see also Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co., 255 F.2d 518, 522 (2d Cir.), cert. denied, 358 U.S. 831 (1958) (noting that a declaratory judgment may be supplemented by either damages or by equitable relief). In the case before us, there is evidence that the plaintiffs delayed in complying with the court order of February 15. Furthermore, as the district court observed, both parties agreed that a resolution of the time at which the stock was to be transferred was "necessary to the parties' ability to effectively resolve and consummate the financial transactions involved herein." Joint Appendix at 973. Thus, the district court's award of post-judgment interest was necessary and proper within the meaning of Sec. 2202.
 
 
 13
 Regarding plaintiffs' argument that the district court erred by not conducting an evidentiary hearing prior to issuing its September 28 order, we have required an evidentiary hearing on the issue of supplemental relief under Sec. 2202 where there is neither "a hearing or sufficient evidence in the record," see Insurance Services of Beaufort, 966 F.2d at 853. In this case, however, such a hearing was unnecessary, because the parties had argued the earlier motions for summary judgment and had offered significant evidence prior to the court's decision. Cf. id. at 853 n. 4 ("A subsequent hearing may not always be required where the factual issues concerning such further relief are sufficiently developed at trial, because the parties would have had their hearing at trial.").
 
 
 14
 The plaintiffs also object to the particular interest rate chosen by the district court, noting that if the award were a proper one under Sec. 1961(a), the rate should have been the one established by that statute. We disagree, and instead adopt the view expressed by the Fifth Circuit in Hymel v. UNC, Inc., 994 F.2d 260 (5th Cir.1993): "[W]hile 28 U.S.C. Sec. 1961 provides a standard rate of post-judgment interest, the parties are free to stipulate a different rate, consistent with state usury and other applicable law." Id. at 266. In this case, the district court appropriately utilized the statutory rate for the interest on the insurance proceeds, about which the parties' contract was silent. Because "the contract governs the rate of interest," id., the court applied the rate set forth in the Stock Redemption Agreement to the promissory notes paid in consideration of the stock. In sum, the district court acted within its powers under the Declaratory Judgment Act in granting plaintiffs "further relief."[2]
 
 III.
 
 15
 On cross-appeal, Woodward contends that the estate is entitled to the incidental benefits pertaining to stock ownership during the period from February 15 through the dates of the stock's transfer. As the district court recognized, it is inequitable for the plaintiffs to have gained the benefit of both the stock and the money during the post-February 15 period. Because we have awarded post-judgment interest to the defendant, however, the estate effectively received the benefit of the funds paid in consideration of the stock. Because it likewise would be inequitable for the estate to reap a comparable windfall by receiving benefits from both the stock and the purchase money during that period, we reject Woodward's argument, despite the plaintiffs' apparent reluctance to comply with the court's February order. The district court was in a better position to weigh the equities and to determine whether the plaintiffs effectively should be punished by losing both the financial benefits of the stock and the purchase money. Based on the record before us, we find no reason to reject the lower court's reasoned judgment on this issue.
 
 IV.
 
 16
 Accordingly, the judgment of the district court is, in all respects,
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Responding to the plaintiffs' argument that the court's February 15 order was not a money judgment, pursuant to which an award of postjudgment interest would be proper, we note that such a judgment must contain two elements: "(1) an identification of the parties for and against whom judgment is being entered, and (2) a definite and certain designation of the amount which plaintiff is owed by defendant." Penn Terra, Ltd. v. Department of Environmental Resources, 733 F.2d 267, 275 (3d Cir.1984). Both are present in this case
 
 
 [2]
 Because the district court's actions were authorized under 28 U.S.C. Sec. 2202, we need not address whether the district court's actions also were permissible under Rule 60(b) of the Federal Rules of Civil Procedure. Also, we do not decide whether the lower court's modification of its earlier factual finding of repudiation is barred by the doctrine of collateral estoppel, in light of our view that the district court properly awarded supplemental relief authorized by the Declaratory Judgment Act. The court's previous finding, and any preclusive impact that it might have, only affects the parties' rights during the period between January 6, 1993, and February 15, 1994