Public CITIZEN, et al., Plaintiffs,

v.

John CARLIN, et al., Defendants.

Civil Action No. 96–2840 (PLF).

United States District Court,
District of Columbia.

April 9, 1998.

Michael E. Tankersley, Public Citizen Litigation Group, Washington, DC, for Plaintiffs.

Neil H. Koslove, Anne L. Weismann, Alina S. Kofsky, Jason R. Baron, U.S. Department of Justice, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This case is before the Court on plaintiffs' motion for an order to show cause why supplemental relief to enforce the Court's declaratory judgment should not be granted. After considering plaintiffs' motion, defendants' opposition, plaintiffs' reply, the parties' arguments at the hearing held on March 25, 1998, and the parties' supplemental fil-

ings, the Court concludes that for the past five months defendants have flagrantly violated the Court's Order of October 22, 1997. Plaintiffs therefore are entitled to "further relief" to enforce the Court's Order.

## I. BACKGROUND

On August 14, 1995, the Archivist of the United States issued the present version of General Records Schedule ("GRS") 20, which authorized the disposal of certain electronic records under a general schedule.[1] Plaintiffs filed this action on December 23, 1996, claiming that the use of a General Records Schedule to authorize the destruction of electronic records without distinguishing valuable electronic records from useless ones was arbitrary and capricious, irrational and contrary to law. After full briefing and argument, the Court agreed with plaintiffs and found that by promulgating GRS–20, the Archivist "exceed[ed] the limits Congress placed on the use of general schedules ... abdicated to the various departments and agencies of the federal government his statutory responsibility under the Records Disposal Act to insure that records with administrative, legal, research or other value are preserved by federal agencies ... [and] violated the Records Disposal Act by failing to identify a specified period of time for retention for the records scheduled." *See* Opinion of October 22, 1997 at 18–19, 1997 WL 875934. The Court also found that the government's reading of Section 3303a(d) of the Records Disposal Act was "irrational on its face." *Id.* at 23. The Court therefore declared GRS–20 "null and void." *See* Order of October 22, 1997. The Court's language and conclusion could not have been more clear: The Archivist was violating the law in promulgating and implementing GRS–20.

The government did not immediately appeal the Court's ruling or request that the Court enter a stay of its Order. In fact, the government waited nearly two months, until December 19, 1997, before appealing the Court's decision. Even after the government filed its notice of appeal, it did not seek a stay of this Court's Order pending appeal. The government did not indicate to the Court

in any way that it could not comply or was not complying with the Court's Order, and the Court operated on the apparently mistaken assumption that the government was doing so.

On February 25, 1998, plaintiffs filed a motion for an order to show cause why supplemental relief to enforce the Court's declaratory judgment should not be granted. Plaintiffs claimed that in spite of the Court's October 22, 1997 Order, the government had continued for over four months to rely on GRS–20. The government did not deny that it has continued to rely on GRS–20. Nor did it dispute the fact that the Archivist has issued a bulletin stating that "government agencies may continue to rely upon GRS 20" and has published notices in the Federal Register stating that electronic record disposition practices are "currently authorized under the National Archives and Records Administration's General Records Schedule 20," when he knew there was no such authorization. *See* Defendant's Opposition, Exh. A (NARA Bulletin No. 98–02); 62 Fed.Reg. 65737–65738 (December 16, 1997); 63 Fed. Reg. 2268 (January 14, 1998).

Instead, the government claims (1) that it has not violated the Court's Order because the Court issued declaratory relief rather than an injunction; (2) that this Court lacks jurisdiction to order any further relief; and (3) that even if the Court does have jurisdiction, the relief proposed by plaintiffs would overwhelm the government's electronic records systems.

The Court heard argument on plaintiffs' motion on March 25, 1998. At the close of the hearing, the Court ordered the parties to either jointly or separately submit proposed orders. Plaintiffs submitted a proposed order on March 25, 1998, and the government filed a post-hearing response on April 1, 1998. As part of its filing, the government requested a stay pending appeal in the event that the Court entered plaintiffs' proposed Order. On April 2, 1998, plaintiffs moved to strike defendants' post-hearing memorandum or, in the alternative, to set a schedule for briefing on defendants' request for a stay.

---

1. A detailed description of GRS–20 is included in the Court's Opinion of October 22, 1997.

**20**

Upon consideration of all of the submissions by the parties and the arguments presented at the hearing, the Court concludes that defendants have clearly violated its October 22, 1997 Order, that it will not stay that Order, and that it has jurisdiction to order further relief and will do so.

## II. DISCUSSION

### A. Jurisdiction

■ The filing of a notice of appeal divests this Court of jurisdiction to alter, amend or expand a declaratory judgment. *See Deering–Milliken, Inc. v. Fed'l Trade Commission,* 647 F.2d 1124, 1128 (D.C.Cir. 1978). The Court retains authority, however, to order "further necessary or proper relief" in order to enforce its declaratory judgment. 28 U.S.C. § 2202; *see Securities Industry Assoc. v. Bd. of Governors of the Federal Reserve System,* 628 F.Supp. 1438, 1441 (D.D.C.1986). Even after an appeal has been filed, further relief may be granted if defendant has failed to comply with the declaratory judgment issued by the Court. *See Horn & Hardart Co. v. Nat'l Rail Passenger Corp.,* 843 F.2d 546, 548 (D.C.Cir.), *cert. denied,* 488 U.S. 849, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988); *McCann v. Kerner,* 436 F.2d 1342, 1343 (7th Cir.1971).

■ In its Order of October 22, 1997, the Court declared GRS–20 null and void and stated that the Archivist had no statutory authority to promulgate it or implement it. The government argues that since the Court declared GRS–20 "null and void" rather than enjoining the Archivist from relying on GRS–20, the Archivist did not violate the Court's Order when he advised government agencies that GRS–20 currently authorizes destruction of electronic records.[2] The government's view of the effect of a declaratory judgment is mistaken. If the Court's declaration that GRS–20 is null and void means anything, it means that the schedule *cannot* "currently

authorize" destruction of electronic records and that government agencies may *not* "rely upon GRS 20" as a valid schedule for destroying such records. The government's decision to appeal this Court's ruling does not affect the validity of the declaratory judgment unless and until the judgment is reversed on appeal or the government seeks and is granted a stay pending appeal.

■ The Archivist's disregard of the Court's Order of October 22, 1997 in both his public pronouncements and his actions over the last five months gives this Court jurisdiction to order further necessary or proper relief to enforce its prior Order. *See* 28 U.S.C. § 2202; *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.,* 843 F.2d at 548 ("every court, with few exceptions, has inherent power to enforce its decrees and to make such orders as may be necessary to render them effective.... To rule otherwise would allow the party against whom a declaratory judgment is rendered to nullify her adversary's right to § 2202 relief merely by lodging an appeal") (internal citations and quotations omitted).

### B. Relief

■ Having found that the Court has the authority to order further relief to enforce its prior Order, the Court must determine what relief is "necessary or proper" to enforce that Order. *See Horn & Hardart Co. v. Nat'l Rail Passenger Corp.,* 843 F.2d at 548. The Court held a hearing on the matter on March 25, 1998 and both plaintiffs and the government have submitted proposals for relief. *See* 28 U.S.C. § 2202; *Insurance Services of Beaufort, Inc. v. Aetna Casualty and Surety Co.,* 966 F.2d 847, 852 (4th Cir.1992) (court must hold hearing before ordering further relief pursuant to 28 U.S.C. § 2202). The Court finds that the relief requested by plaintiffs is too broad and that the relief proposed by the government does not fully

---

2. The only defendants in this case are the Archivist, the Executive Office of the President, Office of Administration, and the Office of the United States Trade Representative. The government asserts that this Court has no jurisdiction to enforce its Order against agencies that are not parties to the case. *See* Defendant's Opposition

at 9. On this point, the government is correct. To the extent that plaintiffs' initial request for relief may have been construed as a request for an injunction against nonparties, plaintiffs have clarified that they are requesting relief only against parties to this case.

address the government's previous noncompliance.

Plaintiffs first propose that the Court enjoin the Archivist "from issuing Federal Register notices, bulletins, directives or other official statements of any kind stating or implying that General Records Schedule 20 currently authorizes the disposition of electronic records." The government, in its post-hearing response, proposes an order that the Archivist "shall refrain from issuing Federal Register notices, bulletins, directives or other official statements of any kind stating that GRS 20 currently authorizes the disposition of electronic records, except to the extent provided in the Federal Register notice as ordered by the Court below." The Court agrees with the parties that this is an appropriate form of relief to enforce the declaratory judgment.

Plaintiffs also propose that "within ten days of the date of this Order, the Archivist shall publish a notice in the Federal Register which shall include the following statement: 'Notices previously published by the Archivist ... were inaccurate insofar as those Notices stated that disposition practices for electronic records are "currently authorized under NARA's General Records Schedule 20," because General Records Schedule 20 has been declared null and void by the United States District Court for the District of Columbia.'" *See* Plaintiff's Proposed Order at 2. The government, both in its papers and at the hearing, argued that plaintiffs' proposal would create a regulatory void for the disposition of electronic records and that it would create serious disruptions within government agencies in the interim period until the Archivist and the individual agencies promulgate statutorily authorized and valid schedules for the disposal of electronic records. The government contends that if there is no regulation governing the disposition of electronic records, federal agencies will be forced to retain all electronic records, and that this "no delete" policy will create havoc because federal agencies lack the capacity to retain all such records.

As an alternative, the government has proposed that within ten days of the date of this Order, the Archivist shall publish a notice in the Federal Register which shall include the following statement:

Notices previously published by the Archivist in the Federal Register ... which stated that disposition practices for electronic records are 'currently authorized under the National Archives and Records Administration's General Records Schedule 20 ("GRS 20"),' should have instead stated that GRS 20 has been declared null and void by the United States District Court for the District of Columbia.

The Court has authorized the Archivist to state that until resolution of the appeal or until new guidance is issued by NARA, federal agencies may continue to follow present disposition practices for electronic records, including as previously authorized under GRS 20. The Archivist reminds all federal agencies that when submitting agency schedules to NARA for approval, electronic versions of records created on office automation applications should be scheduled in accordance with paragraph 5 of NARA Bulletin 98–02.

*See* Defendants' Post–Hearing Response, Proposed Order at 2. The first paragraph of the government's proposed notice mirrors plaintiffs' proposed notice. The second paragraph, however, essentially gives the government unlimited authorization to continue to ignore the Court's Order and specifies no time frame within which the Archivist must implement an alternative to GRS–20. It therefore is unacceptable.

On March 10, 1998, the Archivist issued NARA Bulletin 98–02, certain portions of which offer a more detailed description of the efforts of the Archivist to comply with the obligations imposed by the Court's Order than the government's proposed Federal Register notice. *See* Defendants' Opposition, Exh A (NARA Bulletin 98–02). Specifically, Bulletin 98–02 informs agencies that NARA has established a working group with a specific time frame to propose alternatives to GRS–20, *id.* at ¶ 3(c), suggests that individual agencies develop their own individual schedules for record disposition as required by the Federal Records Act, *id.* at ¶¶ 1, 5(a), and provides agencies with specific guidance to assist them in developing individual agency

schedules for electronic records disposition. *Id.* at ¶ 5. These statements contained in NARA Bulletin 98–02 are more accurate and informative than the statements in the second paragraph of the government's proposed Federal Register notice. Accordingly, it is hereby

ORDERED that plaintiffs' motion for further relief is GRANTED; it is

FURTHER ORDERED that plaintiffs' motion to strike defendants' post-hearing memorandum or, in the alternative, to set a schedule for briefing defendants' request for a stay is DENIED; it is

FURTHER ORDERED that upon the request of either party, the Court will schedule a hearing within ten days after the Court of Appeals issues a decision in the pending appeal or at an earlier time if necessary to assure that this Court's Orders are being followed; it is

FURTHER ORDERED that the Archivist is enjoined from issuing Federal Register notices, bulletins, directives or other official statements of any kind stating that General Records Schedule 20 currently authorizes the disposition of electronic records; and it is

FURTHER ORDERED that within ten days of the date of this Order, the Archivist shall publish a notice in the Federal Register which shall include the following statement:

Notices previously published by the Archivist in the Federal Register on December 16, 1997, 62 Fed.Reg. 65737–65738, and January 14, 1998, 63 Fed.Reg. 2268, which stated that disposition practices for electronic records are "currently authorized under the National Archives and Records Administration's General Records Schedule 20 ('GRS 20')," should have instead stated that GRS 20 has been declared null and void by the United States District Court for the District of Columbia.

The government has filed an appeal of the Court's declaratory judgment, but GRS–20 remains null and void pending resolution of that appeal. All federal agencies are advised that when submitting agency schedules to NARA for approval, electronic versions of records created on office automation applications should be scheduled in accordance with paragraph 5 of NARA Bulletin 98–02. NARA is currently working to develop an alternative approach to GRS–20 for the disposition of records created on word processing and electronic mail applications and has formed an interagency Electronic Records Work Group, consisting of select NARA staff, Federal records officers, and information management specialists, with oversight by the Deputy Archivist of the United States. The Work Group is to have recommendations to the Archivist by July 1 and an implementation plan by September 30, 1998. The Court has authorized the Archivist to state that a federal agency may continue to follow its present disposition practices for electronic records until: (1) September 30, 1998; (2) the agency has submitted and received approval from NARA on a Request for Records Disposition Authority; (3) notification by NARA that the appeal has been resolved and NARA has provided further guidance as a result of the appellate court's decision; or (4) further Order of the District Court.

SO ORDERED.