**BUILDING INDUSTRY ASSOCIATION OF SUPERIOR CALIFORNIA, et al., Plaintiffs,**

v.

**Bruce BABBITT, et al., Defendants.**

**No. Civ.A. 95–0726(PLF).**

United States District Court, District of Columbia.

Sept. 3, 1999.

Lawrence R. Liebesman, Linowes & Blocher, Silver Spring, MD, for plaintiffs.

Lyn Jacobs, Wildlife & Marine Resources Section, Environmental Division, U.S. Dept of Justice, Washington, DC, Neil Levine, Earthlaw, Denver, CO, Anne Spielberg, Curran & Spielberg, Washington, DC, for defendants.

### MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

This matter is before the Court on plaintiffs' motion for amendment of judgment remanding to the U.S. Fish and Wildlife Service for designation of critical habitat or, in the alternative, motion to amend the complaint. Having considered the plaintiffs' motion, the oppositions filed by defendants and defendant-intervenors and the memorandum filed by *amici curiae*, the

Court concludes that it lacks jurisdiction to act on plaintiffs' motion. The Court, however, would grant plaintiffs' request to amend its complaint if it regained jurisdiction over this matter.

## I. BACKGROUND

On July 25, 1997, the Court upheld the decision of the United States Fish and Wildlife Service ("the Service") to list the four species of fairy shrimp, a type of tiny crustacean that lives in the vernal pools of central California, as endangered or threatened under the Endangered Species Act. *See Building Indus. Ass'n of Superior California v. Babbitt,* 979 F.Supp. 893 (D.D.C.1997). In the same Opinion, the Court remanded the issue of whether to designate critical habitat for the fairy shrimp to the Service and instructed it either to designate the habitat or to provide adequate record support and a reasoned explanation for a contrary decision. *See id.* at 906.

The Court subsequently granted plaintiffs' motion to certify the listing issues for immediate appellate review under Rule 54(b) of the Federal Rules of Civil Procedure, but the court of appeals dismissed the appeal and remanded the case, ruling that the certification was improper. *See Building Indus. Ass'n of Superior California v. Babbitt,* 161 F.3d 740 (D.C.Cir. 1998). After the Service reported to the Court that it had determined that the designation of critical habitat was not prudent, the Court vacated the Service's determination as arbitrary and capricious and not supported by the administrative record, remanded the matter to the Service for proceedings not inconsistent with its Opinion and entered final judgment. *See* Opinion of March 31, 1999.

Plaintiffs now have appealed this Court's initial ruling regarding the listing of the four species of fairy shrimp for the second time. The court of appeals, however, recently ordered the parties to brief the question of "whether in light of the district court's March 31, 1999, order remanding for further proceedings, [the court of appeals] has jurisdiction over the appeal." *See* July 19, 1999 Order, Pl.'s Mot., Att. A. Fearful that this order suggests that they might once again be denied review of the listing decision on the merits in the court of appeals, plaintiffs have moved this Court to amend its judgment to strike the remand to the agency or, in the alternative, for leave to amend the complaint to eliminate the critical habitat issue altogether.

## II. DISCUSSION

### A. Jurisdiction

"The filing of a notice of appeal, including an interlocutory appeal, 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'" *United State v. DeFries,* 129 F.3d 1293, 1302 (D.C.Cir.1997) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)); *see also Deering Milliken, Inc. v. FTC,* 647 F.2d 1124, 1128 (D.C.Cir.1978) ("the District Court is without jurisdiction to alter a judgment of its own while an appeal therefrom is ongoing"); *Public Citizen v. Carlin,* 2 F.Supp.2d 18, 20 (D.D.C.1998) ("[t]he filing of a notice of appeal divests this Court of jurisdiction to alter, amend or expand a declaratory judgment"). Plaintiffs' reliance on *Standard Oil Co. of California v. United States,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976), to support a contrary position is in error. In that case, the Supreme Court held that *after* an appeal had been decided and the mandate was issued, the district court did not have to gain leave of the appellate court before ruling on a motion for a new trial. *See id.* at 18–19, 97 S.Ct. 31. The *Standard Oil* court did not address whether a district court had jurisdiction during the pendency of an appeal. As the notice of appeal has been filed in this case, only the court of appeals has jurisdiction over the matters

at issue in plaintiffs' motion. Because it lacks jurisdiction to act, this Court will deny plaintiffs' motion without prejudice.

The Court, however, is able to provide plaintiffs with an indication of how it would rule on their motion if it were to regain jurisdiction over this case. *See Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 280 n. 22 (D.C.Cir.1971) ("This court has adopted the rule that the motion to provide relief may be considered by the district court while the appeal is pending; if that court indicates that it will grant relief the appellant should move in the appellate court for a remand in order that relief may be granted"); *Smith v. Pollin*, 194 F.2d 349, 350 (D.C.Cir.1952) (same). The Court therefore will analyze plaintiffs' motion to provide plaintiffs with an indication of how it will rule should they request a remand from the court of appeals.

### B. Plaintiffs' Motion

Plaintiffs first argue that the Court should amend its judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure because "it is no longer equitable that the judgment should have prospective application." Rule 60(b)(5), Fed.R.Civ.P. Plaintiffs contend that the recent order issued by the court of appeals suggests that its second appeal may be dismissed on jurisdictional grounds, denying them substantive review of the Court's listing decision for the second time. Plaintiffs argue that it is no longer equitable to force plaintiffs to await the defendants' compliance with the remand before gaining appellate review.

■ Plaintiffs, however, have not demonstrated any change in circumstances that would justify the modification of the Court's judgment. Rule 60(b)(5) is "based on the historical power of a court to modify its decree in light of changed circumstances." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2863 at 336 (1995). *See Agostini v. Felton*, 521 U.S. 203, 215, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992); *United States v. Swift & Co.*, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932). Plaintiffs have not argued that there has been any change in the law or facts that would make it inequitable to enforce the Court's judgment. They have argued only that the effect of the judgment would preclude appellate review. This can hardly be said to be unexpected or unforeseen; plaintiffs themselves sought the relief granted in the Court's Opinion of March 31, 1999. The Court therefore would deny plaintiffs' motion to amend the judgment if it had jurisdiction to do so.

■ Failing the amendment of the Court's judgment, plaintiffs argue that the Court should allow them to amend their complaint under Rule 15(a) of the Federal Rules of Civil Procedure to eliminate the count asserting the critical habitat issue. "Leave to amend a complaint under Rule 15(a) 'shall be freely given when justice so requires.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (quoting Rule 15(a), Fed.R.Civ.P.). "Although the grant or denial of leave to amend is committed to the district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive ... repeated failures to cure deficiencies by [previous] amendments ... [or] futility of amendment.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

■ Neither defendants nor defendant-intervenors have provided any reason why the Court should not grant plaintiffs leave to amend their complaint. Defendants do not assert that they will suffer any prejudice as a result of the amendment; they argue only that it is inappropriate to amend at this time when no new facts have developed. In contrast, defendant-intervenors maintain that they would be prejudiced because they would have to file their

own lawsuit to force the Service to designate critical habitat. This additional burden on defendant-intervenors is not so onerous as to amount to undue prejudice. Since defendants have not demonstrated that any prejudice would result from permitting plaintiffs to amend their complaint, and defendant-intervenors' claims of prejudice are not persuasive, the Court would allow plaintiffs to amend their complaint if it regained jurisdiction over this matter. Accordingly, it is hereby

ORDERED that plaintiffs' motion for amendment of judgment *remanding* to the U.S. Fish and Wildlife Service for designation of critical habitat or, in the alternative, motion to amend the complaint is DENIED without prejudice.

SO ORDERED.